LOUIS GREENBLATT, Appellant, *v.* DAVID HERMANN, Respondent.

A vendee of real estate who refuses to take title on the ground of defect therein must point out the objection and give proof tending to establish it or to create such a doubt in respect thereto as to make the title unmarketable.

If the defect or doubt is disclosed on the face of the record title, the vendee need go no further, but, if it depends upon some extrinsic fact not discovered by the record, he must prove this fact to justify a refusal to accept the title.

While the title tendered need not in fact be bad to justify a rejection thereof by the vendee, it must be either defective in fact or so clouded by apparent defects, either appearing in the record or by proof outside, that prudent men, knowing the fact, would hesitate to take it.

A suspicion or conjecture merely, without any facts to support it, does not raise a reasonable doubt as to the validity of a title good upon the record.

Under the provision of the Code of Civil Procedure (§ 2752) providing for the sale of a decedent's real estate for the payment of his debts, while it is required that the petition shall " set forth as nearly as the petitioner can upon diligent inquiry ascertain * * * the names of all the heirs and devisees of the decedent," where the petition avers that certain persons named are heirs, the fair construction of the language is

that the persons named are "all the heirs;" and so, an express averment to that effect is not essential.

As to whether, conceding the rule of construction to be otherwise, the omission of the express averment would invalidate the proceedings where it appeared that in fact the persons named were all the heirs, *quære.*

In an action by a vendee to compel specific performance by the vendor of a contract for the purchase of land, or for the recovery of the amount paid, it appeared that defendant tendered a deed, good in form, which plaintiff declined to accept, alleging a defect of title. Defendant claimed title under a sale by the administrators of N., who died seized of the premises, pursuant to a surrogate's decree in proceedings for the sale of his real estate for the payment of his debts. These facts appeared: N. died leaving no widow, living descendant, father, mother, brother or sister, or descendant of either kin surviving. The collateral heirs of decedent's father were named in the petition; it did not state that the persons named were "all the heirs" of the decedent, nor did it state that there were no collateral heirs of his mother. It was not alleged in the complaint nor shown that there were any such heirs entitled to take under the statute (1 R. S. 752, § 13), plaintiff resting his objection solely on the assumed imperfection appearing on the face of the record. *Held,* that the objection was untenable.

(Argued October 24, 1894; decided November 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 18, 1893, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Matthew Hale* and *Henry S. Van Duzer* for appellant. The petition did not give the Surrogate's Court jurisdiction, because it did not set forth, as nearly as the petitioners could upon diligent inquiry ascertain them, the names of all the heirs of the decedent. (Code Civ. Pro. §§ 2752, subd. 3, 2759.) The collateral heirs on the part of Margaret Nichols are ignored. (*Smith* v. *Luce,* 14 Wend. 237; *Mott* v. *Lawrence,* 17 How. Pr. 559; *Dennis* v. *Jones,* 1 Dem. 80; *Est. Collins,* 4 Law Bull. 80; *Mead* v. *Sherwood,* 4 Redf. 352; *Kelley's Estate,* 1 Abb. [N. C.] 102; *Wood* v. *McChesney,* 40 Barb.

417; *Est. Evan John,* 21 Civ. Pro. Rep. 326; *Jenkins* v. *Young,* 35 Hun, 569; *Long* v. *Long,* 142 N. Y. 545; *Ashley* v. *Dygert,* 33 Barb. 176; *Havens* v. *Sherman,* 42 id. 636; *Sheldon* v. *Wright,* 7 id. 39; 5 N. Y. 497; *Schneider* v. *McFarland,* 2 id. 459; *Jackson* v. *Shepherd,* 7 Cow. 88; *Stillwell* v. *Swarthout,* 81 N. Y. 109.) The jurisdictional facts were not proved before the surrogate. (Code Civ. Pro. §§ 2749, 2759; *Ferguson* v. *Crawford,* 70 N. Y. 253; *Monarque* v. *Monarque,* 80 id. 320; *Requa* v. *Holmes,* 16 id. 193; *Fleming* v. *Burnham,* 100 id. 1.) The vendee need only show that the title is in doubt in order to be relieved from performance. (*Vought* v. *Williams,* 120 N. Y. 253; *Harris* v. *Strodl,* 132 id. 392; *Meth. Epis. Church* v. *Thompson,* 108 id. 618; *Moore* v. *Appleby,* Id. 237; *Hellreigel* v. *Manning,* 97 id. 56; *Walton* v. *Meeks,* 120 id. 79; 41 Hun, 311; *Kilpatrick* v. *Barron,* 125 N. Y. 751; *Moore* v. *Williams,* 115 id. 586; *Aldrich* v. *Bailey,* 28 N. Y. S. R. 571; *Swayne* v. *Lyons,* 67 Penn. St. 436; *Dobbs* v. *Norcross,* 24 N. Y. 327; *Irving* v. *Campbell,* 121 id. 353; *Haberman* v. *Baker,* 128 id. 253; *Shriver* v. *Shriver,* 86 id. 575; *B. P. Com.* v. *Armstrong,* 45 id. 234.) The judgment appealed from was erroneous in that it did not decree a specific performance, even though the court should be of opinion that the objections to the title were not well founded. (*Seton* v. *Slade,* 7 Ves. 265; *Waters* v. *Travis,* 9 Johns. 450, 466; *Edgerton* v. *Peckham,* 11 Paige, 352; *Pinckney* v. *Hagadorn,* 1 Duer, 90; *Viele* v. *T. & B. R. Co.,* 21 Barb. 381; 20 N. Y. 184; *Hubbell* v. *Van Schoening,* 49 id. 326, 331; *Van Campen* v. *Knight,* 63 Barb. 205; *Williston* v. *Williston,* 41 id. 635; *Cythe* v. *La Fontaine,* 51 id. 186; Frye on Spec. Perf. 317, 318; Pom. on Spec. Perf. §§ 395, 396, 397; *Taylor* v. *Brown,* 3 Beav. 186; *Pegg* v. *Wisden,* 16 id. 239; *Green* v. *Sevin,* L. R. [13 Ch. Div.] 589; *King* v. *Wilson,* 6 Beav. 124.)

*Samuel H. Benton* for respondent. The complaint was properly dismissed on the merits, for there is a complete failure to sustain its allegations by proof. The burden of

proof was on the plaintiff. (*Moses* v. *Cochrane*, 107 N. Y. 35, 39; *Forbes* v. *Halsey*, 26 id. 53, 63.) The Code does not require that the names of the persons who are heirs shall be proved to the surrogate, but only that they shall be named in the petition and cited. (Code Civ. Pro. §§ 2752, 2753–2755, 2759.) In the absence of proof that Margaret Nichols left brothers and sisters, or their descendants, who survived Charles W. Nichols, the petition and decree, which declare that the only heirs were the descendants of Benjamin's brother and sisters, conclusively establish the fact that there were no other heirs. The decree of the surrogate cannot be attacked collaterally except by showing lack of jurisdiction. (Code Civ. Pro. §§ 2472, 2473, 2784; *In re Dolan*, 88 N. Y. 309, 320.) The contingency suggested by the plaintiff that Margaret Nichols may have left brothers and sisters, or their descendants, who survived Charles W. Nichols, is too remote to make the title unmarketable. (*Cambrelling* v. *Purton*, 125 N. Y. 610; 616; *Ferry* v. *Sampson*, 112 id. 415, 418; *Northridge* v. *Moore*, 118 id. 419.)

ANDREWS, Ch. J. This is an action by the vendee of a lot in the city of New York, under a contract of sale, against the vendor, and in the complaint relief is demanded adjudging specific performance or in the alternative, for the recovery of the amount paid by the plaintiff to the defendant on the purchase, with interest, and for damages and costs. The defendant's title is derived under a sale by the administrators of Charles W. Nichols, pursuant to a decree of the surrogate of Kings county, made August 10th, 1881, in proceedings initiated in Surrogate's Court by the administrators for the sale of the real estate of their intestate for the payment of debts. Subsequent to the sale under the decree and the purchase and conveyance of the lot to the defendant, and on the 13th day of April, 1892, the parties entered into the usual contract of sale, whereby the defendant agreed to sell and the plaintiff to purchase the premises for the sum of $19,500, and the plaintiff paid thereon the sum of $1,500. Thereafter, on the 26th

day of May, 1892, the day fixed for the completion of the contract, the defendant tendered to the plaintiff a deed good in form, and the plaintiff was ready and willing to pay the balance of the purchase money pursuant to the contract, but objected to the title on the ground that the proceedings for the sale of the real estate of the intestate, Charles W. Nichols, were defective, and that the surrogate acquired no jurisdiction to make the decree under which the defendant derives title, and that the title tendered was not marketable. The sole question now presented relates to the sufficiency of the title under the proceedings in the Surrogate's Court. It is admitted that the intestate, Charles W. Nichols, at the time of his death, January 27th, 1879, had good title to the lot in question, acquired by purchase and not by inheritance. He left no widow or lineal descendants, and no father, mother, brother or sister, and no descendant of either surviving him. Under the circumstances the real estate upon his death, by the express terms of the statute, descended to the brothers and sisters of the father and mother of the decedent in equal shares, and to their descendants in the same manner as if all such brothers and sisters had been brothers and sisters of the intestate. (1 Rev. St. 752, § 13.)

The principal objection made to the title under the surrogate's decree is that the petition of the administrator upon which the proceedings were founded, did not purport to set forth the names of "all the heirs" of the decedent, as required by sub. 3 of section 2752 of the Code of Civil Procedure, embraced in tit. 5, chap. 18, regulating proceedings in Surrogates' Courts, for the sale of real property of decedents for the payment of debts; that only the collateral heirs of the father of the decedent are named in the proceedings, and that the record is silent as to the existence of collateral heirs of the mother, and that they are in no way accounted for. The plaintiff rests his objection to the title solely on the assumed imperfection disclosed on the face of the record of the surrogate's proceedings. It is not alleged in the complaint that the mother of the decedent had any brother or sister, or descend-

ants of any brother or sister, nor was there any proof offered or given on the trial that there was, or ever had been, any heirs on the mother's side entitled to take under the statute. The only point is that the record does not affirmatively exclude the inference that such heirs existed. Upon the case as presented, if the proceedings before the surrogate were in conformity to the statute, and it appears therefrom, or from the proofs taken before him that all the heirs of the decedent were named and cited, the objection taken to the title fails. There is no room for controversy that the proceedings in the Surrogate's Court bound only parties or privies, and that if there are any heirs of the decedent who were not made parties thereto, or were not brought in, their interest in the premises was not concluded by the decree, but remains unaffected thereby, and did not pass by the sale and conveyance. But a vendee who refuses to take title upon the ground of defect therein, must point out the objection and give proof tending to establish it, or to create such a doubt in respect thereto as to render the title unmarketable. If the defect or doubt is disclosed on the face of the record title, he need go no further, but if it depends upon some extrinsic fact not disclosed by the record, he must show the fact which justifies his refusal to accept the title tendered.

There is no presumption that a title is defective which is supported by a perfect record. The petition to the surrogate, which lies at the foundation of the proceeding, did not in terms allege that the persons named therein comprised all the heirs of the decedent. The heirs named are persons who are descendants of the brothers and sisters of the father of the decedent. The alleged defect in the petition presented to the surrogate is its omission to state in terms that the persons named therein as heirs of the decedent comprised all the heirs of the decedent. It does not in terms refer to the mother or to any heirs on the mother's side, neither expressly affirming or denying their existence. The petition alleges that, according to the best knowledge, information and belief of the petitioner, the decedent's "heirs at law are first cousins

and descendants of first cousins," naming them, being about fifty in all. Section 2752 of the Code, to which reference has been made, declares that the petition "must set forth as nearly as the petitioner can, upon diligent inquiry, ascertain them," certain matters, and among others (subd. 3) the names of "all the heirs and devisees of the decedent." It is insisted that the allegation in the petition that the decedent's "heirs at law" are the persons named, is not a compliance with the requirement of the statute, and that the statute can only be satisfied by an express averment that the persons named are "all the heirs." It will be observed that section 2752 does not in terms require that the petition should aver that all the heirs are named, but that all the heirs shall be named. If in fact all the heirs are named in a petition, although there is no express averment that they comprise all the heirs, would the proceedings founded thereon be void by reason of the absence of such express allegation? However this may be, we are of opinion that the fair and just construction of the language of the petition, that the heirs of the decedent are the persons named, is that they are all the heirs, and that it is an expression of equivalent import. The Revised Statutes regulating proceedings in Surrogates' Courts for the sale of the real estate of decedents for the payment of debts, prescribed that the petition should set forth "the names and ages of the devisees, if any, and of the heirs of the deceased." (2 Rev. St. 100, § 2, subd. 5.) The change in the language in the Code was not, we think, intended to change and does not change the meaning of the former provision. The necessary implication from the language in the Revised Statutes is that all the heirs shall be named. But it is clear, we think, that under the Revised Statutes, a petition stating that the heirs are certain persons named, would be sufficient. It would mean that they were all the heirs. It is the rule that proceedings of this character are to be strictly construed, but this does not mean that a substantial compliance with the statute is not sufficient, or that the allegations are not to be given their natural import. Our conclusion is that the petition did in substance aver that the per-

sons named were all the heirs of the decedent, and that the record on its face disclosed no defect in the title tendered.

The point that at least the title was doubtful, and, therefore, unmarketable, rests upon the possible existence of heirs on the mother's side, not brought into the proceedings. If their existence had been shown, or evidence given rendering it probable that such heirs were in being, the plaintiff would have been entitled to relief. It has been often said that the purchaser is entitled to a marketable title. The title tendered need not in fact be bad in order to relieve him from his purchase, but it must either be defective in fact, or so clouded by apparent defects, either in the record or by proof outside of the record, that prudent men, knowing the facts, would hesitate to take it. (*Fleming* v. *Burnham,* 100 N. Y. 1 ; *Moore* v. *Williams,*. 115 id. 586.) In the present case there is no presumption in the absence of proof that the mother of the decedent had brothers or sisters or descendants of either. The title is not doubtful by reason of any fact shown or by reason of any inference from any such fact. It is a possibility merely that such heirs may exist. But the plaintiff has not seen fit to give any proof on the subject, and has left it to conjecture merely, and a suspicion or conjecture, without any facts to support it, does not raise a reasonable doubt as to the validity of a title good upon the record. There are some subordinate objections made to the record in the Surrogate's Court, but they are so unsubstantial that they do not require specification.

We think it would be in accordance with equitable principles to permit the plaintiff now to take the title tendered. The objection taken by him was not wanton or frivolous. The title had once before been rejected by competent conveyancers upon the ground taken by the plaintiff, and this was known to him when his objection was made. Both parties in their pleadings ask for specific performance against the other, showing that neither had elected to consider the contract at an end by the tender and rejection of the deed. The plaintiff has at all times been ready to pay the balance of the purchase money on receiving a good title. We fully concur

with the General Term that the plaintiff made no case for recovering back the purchase money. But we think the case should go back for a new trial, in order to enable the plaintiff to have a decree for specific performance, if it shall turn out that there has been no change of circumstances which would make such relief at this time inequitable. The plaintiff, however, should pay the entire costs of the litigation in all courts.

The judgment should be reversed and new trial granted, with costs to be paid by the plaintiff in all courts.

All concur, except BARTLETT, J., who dissents on ground complaint was improperly dismissed.

Judgment accordingly.