### HENDERSON et al. v. DOUGHERTY.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. APPEAL—FINDINGS OF FACT—REVIEW—NECESSITY OF EXCEPTION.
    Under Code Civ. Proc. §§ 992–994, providing that exception cannot be taken to a ruling on a question of fact, that the Appellate Division shall, on appeal from a judgment entered on the report of a referee or the decision of a court on such trial, review all questions of fact and law, and prescribing the method for taking an exception to a question of law on

trial before a referee or court without a jury, no exception to findings of fact made by the court without a jury is necessary to a review of such questions on appeal to the Appellate Division.

**2. BREACH OF CONTRACT—NATURE OF ACTION—RESCISSION.**

A complaint alleged the making of a contract by which plaintiffs gave to defendant the right to manufacture and sell a certain article under a patent; defendant agreeing to pay a certain royalty. It was further alleged that defendant had manufactured a large number of the articles and refused to account for the royalties, and judgment was asked for the same and that the defendant be enjoined from manufacturing any more goods; but there was no allegation that plaintiffs had elected to rescind the contract and no prayer for rescission. *Held* that, as plaintiffs were not entitled to a rescission of the contract merely because defendant refused to pay the royalties, the action was one at law.

**3. SAME—CONSTRUCTION OF CONTRACT—PARTNERSHIP—JOINT ADVENTURE.**

The contract did not create a partnership, a joint adventure, nor any relation which justified an application to require the defendant to account in equity.

**4. SAME—QUIETING TITLE.**

The action was not maintainable in equity as one to remove a cloud on plaintiffs' title to the patents; defendant's mere failure to pay the royalties not creating a cloud on title.

Appeal from Special Term, New York County.

Action by William Henderson and another against James Dougherty. From a judgment for plaintiffs, defendant appeals. Modified.

Argued before PATTERSON, HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Bela D. Eisler, for appellant.

William L. Mathot, for respondents.

INGRAHAM, J. The action was brought as an action in equity, based upon an agreement dated the 28th of August, 1899, whereby the plaintiffs gave to the defendant the exclusive right to manufacture and sell, under certain patents alleged to have been the property of the plaintiffs, certain metallic bars for joining glass in connection with finished glass work in the city of New York, and the defendant agreed to pay to the plaintiffs the sum of $2\frac{1}{2}$ per cent. as a royalty on the value of all the work he might do under said patents. The plaintiffs alleged the making of this agreement; that the defendant manufactured or sold a large number of the metallic bars mentioned in the contract; that the plaintiffs have demanded of the defendant an accounting as to the number and value of said metallic bars so manufactured and sold under the contract, but that the defendant has refused, declined, and neglected so to do; that the plaintiffs have demanded payment of the royalties mentioned in the contract, which the defendant has refused to pay; and the plaintiffs ask judgment that the defendant be enjoined and restrained from manufacturing and selling, or continuing to manufacture or sell, any metallic bars provided for in such contract, and which are the subject of the letters patent mentioned in said contract, and that the defendant account to the plaintiffs for such bars manufactured and sold by him, and their value. There is no allegation that plaintiffs have elected to rescind the contract, nor does the complaint ask such a judgment;

the judgment asked for being to enforce the contract not to rescind it.

The action having been brought on for trial at Special Term, the court filed a decision stating separately the facts found and the conclusions of law, and upon this decision judgment was entered declaring the contract terminated, and enjoining the defendant from in any manner manufacturing or selling the articles which were the subject of letters patent issued by the government of the United States to the plaintiff William Henderson, under and by virtue or color of the said contract or agreement, and requiring the defendant to account to the plaintiffs for all profits and gain made by him or in his behalf on all manufactures or sales effected by him or in his behalf by virtue of said agreement. To this decision the defendant served a notice "that the defendant in the above-entitled action, through his attorneys, Goeller, Shaffer & Eisler, hereby excepts in all respects to the findings of fact and conclusions of law made and found in the above-entitled action by the Honorable Charles H. Truax, Justice of the Supreme Court, and to each and every part of said findings of fact and conclusions of law," and then appealed from the judgment entered upon such decision.

It is claimed by the plaintiffs that this exception is insufficient to justify this court in determining any question of fact on this appeal; but under the present provisions of the Code of Civil Procedure it does not appear that an exception is necessary to enable this court to review a question of fact presented upon an appeal from a judgment entered upon the report of a referee, or the decision of the court without a jury. Section 992 of the Code provides that, except as prescribed in section 1180, an exception cannot be taken to a ruling upon a question of fact. Section 993 provides that the Appellate Division of the Supreme Court shall, on appeal from a judgment entered on the report of a referee, or the decision of a court on such trial, review all questions of fact and of law, and may either modify or affirm the judgment or order appealed from, award a new trial, or grant to either party the judgment which the facts warrant. Section 994 provides the method for taking an exception to a question of law upon a trial before a referee or court without a jury. Under the provisions of these sections it would appear that, upon an appeal from a judgment entered upon the report of a referee or decision of the court, the facts are before the Appellate Division, and no exception to the report or decision is necessary to require a review of the questions of fact presented. The power to review a judgment by this court and by the Court of Appeals is essentially distinct. The jurisdiction of the Court of Appeals is restricted to questions of law, and that court has uniformly held that it can only review a decision to which a valid exception has been taken, as it is expressly provided that an exception cannot be taken to a ruling upon a question of fact, and that upon an appeal from a judgment the Appellate Division shall review all questions of fact, and that no exception to the report or decision is necessary.

When the case came on for trial counsel for the defendant moved to dismiss the complaint, upon the ground that it fails to set forth a

cause of action entitling the plaintiffs to equitable relief. This motion being denied, the defendant then asked for a jury trial upon the same ground, which was also denied. The court expressed a doubt as to its power to grant an injunction restraining the defendant from using and manufacturing under these patents, but stated that the plaintiffs were entitled to a judgment, if the facts warranted, declaring the contract to be at an end, and upon that ground denied the motion for a jury trial. After some further discussion counsel for the plaintiffs claimed that the court could enter a decree adjudging the contract at an end and providing for a reference, to which counsel for the defendant replied:

"I do not consent to the reference part. All that I consent to, without prejudice to the proceedings which may be taken in another action or on an accounting in this action, or any further proceedings, is that this contract be terminated from this time on, and practically in the words that counsel desires so far as the termination is concerned."

The court then stated that if the facts warranted it he would adjudge that the contract was at an end, and would order a reference to ascertain what sum, if any, the plaintiffs were entitled to under the provision of the contract giving the plaintiffs $2\frac{1}{2}$ per cent. as a royalty on the value of all the work done by the defendant under said patents, but stated that he would not allow the defendant to dispute the title of his grantor, saying:

"It is like paying rent. You take the premises under a lease from the plaintiff, and you go into possession of the premises and occupy them. Now, I am not going to allow you to come in and say the plaintiff has no title to them."

The plaintiffs then introduced evidence tending to show the execution of the contract; that the defendant proceeded to manufacture the articles described therein; that a demand had been made for a payment of royalties, which had been refused; that the plaintiffs had commenced an action to restrain another person from infringing the patents described in the contract; that the plaintiffs and the defendant had each paid $100 on account of the expenses of that action; that the action had not been pushed because of the inability of the plaintiffs to pay the expenses; and that a judgment had been entered in the United States Circuit Court of Appeals upon an appeal from the Circuit Court of the United States for the Northern District of Illinois, which reversed a judgment declaring that one of the patents described in the contract was a valid patent, and that another patent described in the contract had been infringed by the defendant in that action. Whereupon the court filed the decision and entered the judgment from which this appeal is taken.

But for the defendant's consenting to a judgment declaring this contract abandoned, I think it quite clear that the complaint should have been dismissed. There was no fact presented which justified the interference of a court of equity. The question of the validity of these patents was exclusively within the jurisdiction of the courts of the United States, and the Supreme Court of the state of New York has no jurisdiction to investigate that question or to enjoin the defendant from manufacturing the patented article. By the contract the plaintiffs granted to the defendant a license to manufacture under

these patents and for which the defendant agreed to pay the plaintiffs a royalty. An action to recover that royalty under the contract was an action at law, which the defendant was entitled to have tried before a jury. A party to a contract which requires the payment of a sum has no right to apply to a court of equity to declare the contract rescinded because one party to it has refused to pay the amount required by the contract. The only cause of action alleged in this complaint was a cause of action at law to recover these royalties, and while it may be that the plaintiffs would have been entitled to rescind the contract upon a failure of the defendant to comply with the obligation to pay the royalties, upon his election to so rescind the contract would have been at an end without the judgment of a court of equity. If the defendant continued to manufacture after his right had terminated, the plaintiffs would have applied to the courts of the United States to restrain him from manufacturing in violation of the patents; but that was a cause of action over which this court had no jurisdiction. This contract did not create a partnership or joint adventure; nor did a relation between the plaintiffs and the defendant exist which justified an application to require the defendant to account in equity.

Nor can the action be maintained as one to remove a cloud upon the plaintiffs' title to these patents. Assuming that such an action could be maintained, no act of the defendant had created a cloud upon the plaintiffs' title to the patents. All that the defendant did was to refuse to comply with the personal covenant that he made, which required him to pay certain royalties to the plaintiffs. An action to recover for such royalties was an action at law, and no fact is alleged and no relief asked which would justify the court in entertaining the action as one to remove a cloud upon the plaintiffs' title to the patents.

My conclusion, therefore, is that the judgment should be modified, by striking out all its provisions except that entered upon the defendant's consent, which adjudged that the contract had been rescinded and was at an end; and, as thus modified, the judgment should be affirmed, without costs of this appeal.

O'BRIEN and HATCH, JJ., concur. PATTERSON and LAUGHLIN, JJ., vote for affirmance in toto.