---

(103 App. Div. 459.)

### In re MOSHER'S ESTATE.

(Supreme Court, Appellate Division, First Department. April 14, 1905.)

1. APPEAL—REFEREE'S REPORT—ABSENCE OF EXCEPTION—REVIEW OF EVIDENCE.

   On appeal to the Appellate Division from a judgment on a referee's report, no exception to the report or decision is a prerequisite to a review of the facts.

   [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1552.]

2. ESTATES OF DECEDENTS—CLAIM FOR SERVICES—EVIDENCE.

   On a claim against the estate of a decedent for services, evidence *held* to show that the amount of compensation was fixed by contract.

Appeal from Judgment on Report of Referee.

Claim by Elizabeth Sarles against Rose T. Mosher's estate. From a judgment for claimant, the executor appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Joseph A. Farley, for appellant executor.

George W. McKenzie, for respondent, Elizabeth Sarles.

O'BRIEN, J. The respondent, Elizabeth Sarles, filed a claim against the estate of Rose T. Mosher, deceased, for $1,110, alleged to be due for services rendered by her to the deceased as nurse,

general housekeeper and attendant from March 29, 1902, to July 10, 1903, a period of 74 weeks, for which she claimed compensation at the rate of $15 per week. The claim was rejected by the executor, was duly referred, and the referee has found that the full amount claimed was due, less the sum of $35, which it is conceded had been paid to the claimant on account of the services which she had rendered. From the judgment entered on the referee's report the executor has appealed.

The issue presented is correctly formulated by the learned referee as follows:

"The executor's contention is that there was an express agreement that the claimant should be paid $20 a month, whereas the claimant contends that no specified rate of wages was agreed upon, and that the services rendered were fairly and reasonably worth the sum of $15 per week."

The referee, from the evidence presented, found that Mrs. Sarles had rendered the services claimed during the period above mentioned, and that she was entitled to receive as compensation the fair value thereof, which he fixed at $15 per week. The executor upon this appeal concedes that the services were rendered, and that the claimant is entitled to some compensation therefor; but he contends that the evidence produced before the referee establishes an express contract between the deceased and the claimant by which she was to be paid at the rate of $20 per month. For this reason he asks the court to reverse the judgment unless the claimant will stipulate that it be reduced to an amount equal to compensation at the rate of $20 per month, less the $35 which it is conceded she has received.

Before taking up this question, however, it is necessary to consider the point raised by the respondent that the executor is not entitled to have the findings of fact reviewed by this court, for the reason that he has not filed proper exceptions to the referee's report. The report consists of three findings of fact and two conclusions of law, and the exception filed is "to each and every finding of fact and conclusion of law" and "to each and every refusal of the said referee to find as requested by said executor." This exception may be open to the criticism that it is too general; but, if this be so, that fact does not help the respondent, because, where an appeal is taken to this court from a judgment entered upon the report of a referee or decision of the court, the facts are before the Appellate Division, and no exception to the report or decision is necessary to enable us to review the facts. That has recently been held by this court in Henderson v. Dougherty, 95 App. Div. 346, 88 N. Y. Supp. 665, and need not be again discussed.

The question of fact being, therefore, properly before us for review, it is necessary briefly to analyze the testimony given before the referee to determine whether his finding that the claimant is entitled to receive $15 per week is against the weight of evidence. We do not doubt that the evidence shows that such a sum would be no more than fair compensation for the services which the claimant rendered, but we are of the opinion that the uncontradicted evidence establishes that the services were rendered under a con-

tract that they should be paid for at the rate of $20 per month. The witness Norah Finnerty, who was called by the claimant, testified that "Mrs. Mosher said to her in the claimant's presence that she would pay her $20 a month, furnish her clothes, and give her plenty of money besides." This statement was repeated by the witness in her subsequent testimony, when she said:

"I heard of a conversation between Mrs. Sarles and Mrs. Mosher fixing her wages. * * * When I heard the conversation about how much wages she was to get, Mrs. Sarles had been there about a month. I heard her say that she would give her $20 a month, and all her clothes, and all the expenses she had, and plenty of money. * * * When Mrs. Mosher gave her $20, she said it was for wages. She said, 'Lizzie, I am giving you $20 every month to put in the bank, and I will give you all the other expenses you want and plenty of money.'"

The witness Elizabeth Donlon, called on behalf of the executor, also testified to the same effect. She stated that she had a conversation with Mrs. Mosher in relation to the services which Mrs. Sarles was rendering to her and about her wages; that thereafter she had a conversation with Mrs. Sarles, who said something about being lonesome at the place where she was, and that Mrs. Mosher was irritable and cross. The witness testified that in response to this she said:

"I told her that $20 a month, which her aunt told me she was giving her, was very nice, and it was not hard work, and she said at that time she had only received $20 twice; that is the only conversation on that subject we ever had. When I told her that her aunt said she was paying her $20 a month, she said she had only been paid two months, and she had been on City Island with her aunt at that time this conversation took place about six months after I talked with Mrs. Mosher."

There is nothing in the record before us which in any way contradicts this testimony or attacks the credibility of the witnesses who gave it, nor is it at all improbable that the claimant should render the services which she did under such a contract as to wages. She was a niece of Mrs. Mosher. The education of her son had been paid for by Mrs. Mosher, and this would very likely induce her to care for her aunt when she was ill for less compensation than a stranger would exact. It also appears that by Mrs. Mosher's will she made a further provision for the education of the claimant's son until he should arrive at the age of 15 years, and she also bequeathed $1,000 to the claimant herself. Under these circumstances, the credibility of the witnesses alluded to being unimpeached, and their testimony being uncontradicted, and not improbable, the referee was not at liberty to disregard it. That testimony established an agreement that the services rendered should be paid for at the rate of $20 a month besides clothing and spending money, and the finding that the claimant is entitled to recover more is against the evidence.

For this reason the judgment appealed from must be reversed, and a new trial ordered before another referee, with costs to appellant to abide the event. All concur.