(49 Misc. Rep. 154)

### FORBES v. REYNARD.

(Supreme Court, Special Term, New York County. January, 1906.)

MORTGAGES—SATISFACTION—PAYMENT TO ATTORNEY IN FACT.

A certificate of satisfaction of a mortgage executed under a power of attorney given to receive moneys that may become due "to me as guardian and trustee of said minors, including all principal and interest of any mortgages," and to execute certificates to discharge the mortgages when paid of record, is a valid discharge, though the power of attorney purports to give certain other powers which a guardian could not delegate; and,

when a mortgagor pays the mortgage to the person authorized to receive it under such power, he is not bound to see that the application made by the guardian of the amount so paid was properly made, under Real Property Law, Laws 1896, p. 574, c. 547, § 88.

See 98 N. Y. Supp. 710.

The contract provided that, on receiving from the vendee the sum of $31,000, defendant should execute a warranty deed conveying the said premises to the said vendee or his assigns, free from all incumbrances except a mortgage of $20,000. The plaintiff claimed that the defendant, on the day fixed for closing title, August 31, 1904, could not convey the premises in accordance with contract; the premises being incumbered, not only by the said mortgage of $20,000, but also by a mortgage to secure the payment of $14,500. On or about April 4, 1883, the said Louis P. Siebert, as guardian of the certain infants and assignee of the second mortgage, made and executed to Edward Oothout a power of attorney authorizing the said Edward Oothout, among other things, to "receive all sums of money * * * now due or hereafter at any time to become due to me as guardian and trustee of said minors, including all principal and interest of any bonds and mortgages, * * * and upon payment of any mortgage * * * to execute and acknowledge sufficient certificates to discharge the same of record." The power of attorney and the mortgage and assignment were duly recorded in the registrar's office of New York county. On March 30, 1889, there was duly recorded in the registrar's office of New York county a certificate of satisfaction of the said mortgage for $14,500, executed by the said Edward Oothout, attorney in fact. The plaintiff claimed that, because the guardian by the power of attorney attempted to delegate to the attorney certain duties which could not be lawfully delegated, the power of attorney was void, and that therefore the lien of the mortgage was not discharged of record.

Leon Kronfeld, for plaintiff.

Thomas F. Keogh and Francis W. Judge, for defendant.

LEVENTRITT, J. The receipt of the principal of an overdue mortgage and the execution of a certificate of satisfaction thereof are mere mechanical or ministerial acts, and the rule is that a guardian or other trustee may delegate the performance of such acts to others. Gates v. Dudgeon, 173 N. Y. 426, 66 N. E. 116, 93 Am. St. Rep. 608; Myers v. Mutual Life Ins. Co., 99 N. Y. 1, 1 N. E. 33; Perry Trusts, § 409. The power of attorney given by Louis P. Siebert as guardian and trustee to Edward Oothout delegates express authority to "receive all sums of money * * * now due or hereafter at any time to become due to me as guardian and trustee of said minors, including all principal and interest of any bonds and mortgages * * * and upon payment of any mortgage * * * to execute and acknowledge sufficient certificates to discharge the same of record." The fact that the power of attorney attempts to confer certain other powers and duties, which the guardian could not delegate, does not invalidate the entire instrument. The principal of the mortgage in question having been paid to a person authorized to receive it, the mortgagor was not bound to see to the application made by the guardian of the sum paid. Real Prop. Law, Laws 1896, p. 574, c. 547, § 88. It is obvious, therefore, that the certificate of satisfaction executed by Edward Oothout as attorney in fact of Louis P. Siebert, guardian, operated as a valid

discharge of this mortgage. The plaintiff not only did not discharge the burden which rested upon him to establish the claim that, in the collection of the mortgage, the attorney in fact exercised certain discretionary powers which no one but the guardian could exercise (Greenblatt v. Hermann, 144 N. Y. 13, 18, 38 N. E. 966; Moser v. Cochrane, 107 N. Y. 35, 13 N. E. 442; Maupin, Mark. Tit. Real Est. 317), but he presented no evidence to that end.

There must be judgment for the defendant.

Judgment for defendant.