WITTE v. KOERNER.

(Supreme Court, Appellate Division, Second Department.    January 24, 1908.)

1. APPEAL—REVIEW—FINDINGS—NECESSITY FOR EXCEPTIONS.

Under Code Civ. Proc. § 993, requiring the Appellate Division to review all questions of facts on appeal in a case tried without a jury, no exception to findings in such a case is necessary to enable the Appellate Division to review them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1533–1551.]

2. VENDOR AND PURCHASER—UNMARKETABLE TITLE—BURDEN OF PROOF.

Where a proposed purchaser would recover from the vendor the deposit made with interest and expenses because of the unmarketability of the title arising from a defect not disclosed of record, he must prove the facts dehors the record relied upon as affecting the title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 1012.]

3. SPECIFIC PERFORMANCE—EVIDENCE—SUFFICIENCY.

Evidence in an action to specifically perform a contract to sell land described as being bounded on one side by an avenue *held* insufficient to show there was no public highway adjoining the land.

4. HIGHWAYS—CERTIFICATE AS TO NONEXISTENCE—EFFECT.

Though a certificate of a town clerk that there is no record of a certain highway in the records of his office may be sufficient to show that no such highway has been officially laid out as provided by statute, it does not show that a highway does not exist by prescription or dedication.

Rich, J., dissenting.

Appeal from Special Term, Nassau County.

Action by Alexis Witte against Elizabeth Koerner.    From a judgment for plaintiff, defendant appeals.    Reversed and new trial granted.

The following is the opinion of Mr. Justice Scudder at Special Term, upon which RICH, J., dissents herein:

The complaint, in substance, alleges that plaintiff and defendant entered into a contract, by which plaintiff agreed to purchase and defendant agreed to sell certain real estate, that defendant's title to the premises was unmarketable, in that by the contract the defendant agreed to convey premises bounded upon the east by Division avenue, whereas, the premises were bounded on the east by private property over which no highway or street has ever been laid out, or dedicated, nor has the defendant any easement or right of way of the lands so adjoining her premises, or over any other lands leading to any street or highway.    The answer contains a denial of said alleged defect of title, and sets up a counterclaim in which defendant prays judgment against the plaintiff for specific performance of the contract.

It would be unreasonable to presume that the parties in entering into the contract contemplated the sale of property to which there was no means of access without the consent of third persons.    The contract expressly states that the land was bounded on the east by Division avenue; and it must be construed as thereby providing that there was a public or private way of that

name on the east side of the property by which access might be had to it. The existence of a public or private right of way by which access could be had to the property is not shown, and it is quite clear that none exists. It follows that plaintiff could properly refuse to take title and can not be compelled to do so. The complaint demands judgment "that if the defendant cannot give good title to the premises according to the contract that she be adjudged to pay to the plaintiff $770 he has deposited on the contract, together with interest thereon from June 4, 1906, and $157.47 expenses made and incurred by plaintiff under said agreement." The defendant in her brief questions the right of the plaintiff to recover a money judgment in an equity action on the authority of Messinger v. Chambers, Kings County Special Term, Burr, J., Law Journal February 11, 1907, and Klem v. Sachs, 102 App. Div. 44, 94 N. Y. Supp. 107. The defendant, however, failed to raise this objection either in her pleading or at the trial. It is well established that a defendant cannot when sued in equity avail himself of the defense that an adequate remedy at law exists unless he pleads that defense in his answer.

It appearing by the evidence that plaintiff is entitled to recover the sums demanded, judgment should be rendered for the plaintiff therefor, with costs of this action.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Henry C. Burnstine, for appellant.
Daniel Underhill, for respondent.

MILLER, J. The action is brought by the vendee for specific performance of a contract of purchase and sale of real property. He had judgment for the return of his deposit and for damages, on the ground that the defendant could not give a marketable title. The premises were described in said contract as bounded on the east "by land of Division avenue," and the plaintiff alleges that the title is unmarketable, for the reason that there is no public avenue or street on the east of said premises and no access thereto except over private property. The respondent asserts that we cannot review the facts, for the reason that no exceptions to the findings of fact were filed. An exception is only necessary to raise a question of law. Indeed, it would seem that an exception can only be taken to a ruling on a question of law; a finding of fact without any evidence tending to sustain it being deemed such. Code Civ. Proc. §§ 992–994. This court is required to review the facts. Code Civ. Proc. § 993; Henderson v. Dougherty, 95 App. Div. 346, 88 N. Y. Supp. 665.

There is no question but that the vendor had title to the premises which she contracted to convey. The record does not disclose anything affecting the marketability of her title, and the plaintiff had to prove the facts dehors the record relied upon to affect the marketability of title. Greenblatt v. Hermann, 144 N. Y. 13, 38 N. E. 966. It may be assumed that the description of the premises as bounded by an avenue imported at least that there was access to the premises over some public road or street, and that the absence of such access would affect the marketability of title. The trial court found that there was no public highway adjoining the premises, and we must examine the record to ascertain whether that finding was justified. The plaintiff put in evidence the map of a surveyor employed by him. This map indicates an avenue 100 feet wide; the center line thereof being the easterly line of said premises. It appears that said premises were a part

of a larger ·tract called "the Keller tract," bounded on the east side by premises known as the "Van Vechten tract"; that in 1854 the latter tract was plotted and a map thereof filed in the county clerk's office of · Queens county, upon which was indicated "Division avenue," a street 100 feet wide, the center line thereof being the boundary line between said tracts. A copy of said map was also filed in the clerk's office of Nassau county after that county was created. The surveyor called by the plaintiff testified that there was a traveled roadway on the property in question close to the easterly line thereof. · A witness called by the plaintiff, who owns · the property bounding the premises in question on the east, testified that wagons, horses, and pedestrians passed through Division avenue to what is known as the "old country road"; that "Division avenue has been constantly traveled upon up . and down, the same as they would on the plains." There is a certificate of the town clerk in evidence to the effect that there is no record of a highway known as Division avenue in the highway records of the town clerk's office. Said certificate may be evidence sufficient to warrant a finding that no such highway has been officially laid out as provided by statute, but that does not prove that such a highway did not exist by prescription or by dedication and acceptance, actual or implied. See City of Cohoes v. D. & H. C. Co., 134 N. Y. 397, 31 N. E. 887. There are doubtless a great many highways in the state of whose laying out there is no record, and many that never were officially laid out. Now, it does appear from the plaintiff's evidence that the alleged highway was well known in the neighborhood as Division avenue. It is shown on a public record now nearly 54 years old. It has been constantly traveled upon. How long does not appear. It does not appear whether the public authorities have ever recognized it, but implied acceptance may be found from use by the public. Whatever evidence there is in the record tends to show that there is a public highway on the east of the premises in question, existing by prescription, or by dedication and implied acceptance by user, or by both. It may be granted that the proof is not as clear and satisfactory as it might be, but whatever proof there is tends to show such a highway; whereas, in order to succeed, the plaintiff had to show that there was none. For this reason, I think the judgment should be reversed on the facts.

Judgment reversed and new trial granted, costs to abide the final award of costs. All concur, except RICH, J., who votes for affirmance upon the opinion of Mr. Justice Scudder, at Special Term.