### BRODY & CO. v. HOCHSTADTER.

(Supreme Court, Special Term, New York County. February 15, 1913.)

VENDOR AND PURCHASER (§ 130*)—MARKETABLE TITLE.

Where plaintiff's title to certain real property in controversy was based on a referee's deed in foreclosure against tenants in common, one of whom was an absentee, and the record did not contain a report as to

the proof of the facts stated in the complaint, and of the examination of plaintiff or his agent on oath as to any payments made as required by Code Civ. Proc. § 1216, and General Practice Rules 30 and 60, the title was not marketable so as to sustain a suit for specific performance, and this, notwithstanding that between the date of the contract of sale and the date fixed for closing it plaintiffs procured an order under which they attached to the judgment roll in the foreclosure proceedings, as of the date of the judgment, a copy of the testimony concerning the facts required.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245–247; Dec. Dig. § 130.*]

Suit by Brody & Co. against one Hochstadter for specific performance. Complaint dismissed.
See, also, 150 App. Div. 530, 135 N. Y. Supp. 549.

M. & I. Isaacs, of New York City, for plaintiffs.
H. M. Bellinger, Jr., of New York City, for defendant.

HENDRICK, J. The issue presented on this trial is whether defendants are entitled to a decree for specific performance of a contract alleged in the counterclaim by which they agreed to sell and plaintiff agreed to purchase the premises described. The original contract and a modification thereof are dated December 18 and 22, 1911. At that time defendants' title was defective. It rested upon the deed of a referee to sell in an action of foreclosure of a mortgage. One tenant in common, owning a one-fourth interest in the mortgaged premises, was an absentee. In such cases the statute and the general rules require the following proceedings:

"Where the summons was served upon the defendant without the state, or otherwise than personally, * * * the plaintiff may apply to the court, or a judge or justice thereof, for the judgment demanded in the complaint. * * * The court, or a judge or justice thereof, must require proof of the cause of action, set forth in the complaint to be made, either before such court or such judge or justice, or before a referee appointed for that purpose. * * * If the defendant is a nonresident or a foreign corporation, the court, or a judge or justice to whom such application is made, must require the plaintiff, or his agent or attorney, to be examined on oath, respecting any payments to the plaintiff, or to any one for his use, on account of his demand, and must render the judgment to which the plaintiff is entitled. * * *" C. C. Pro. § 1216.

" * * * If any of the defendants are absentees the order of reference shall also direct the person to whom it is referred to take proof of the facts and circumstances stated in the complaint, and to examine the plaintiff or his agent, on oath, as to any payments which have been made, and to compute the amount due on the mortgage, preparatory to the application for judgment of foreclosure and sale. * * * The plaintiff, in such case, when he moves for judgment, must show, by affidavit or otherwise, whether any of the defendants who have not appeared are absentees; and, if so, he must produce the report as to the proof of the facts and circumstances stated in the complaint, and of the examination of the plaintiff or his agent, on oath, as to any payments which have been made." General Rule 60.

"In references other than for the trial of the issues in an action, or for computing the amount due in foreclosure cases, the testimony of the witnesses shall be signed by them, and the report of the referee shall be filed with the testimony." General Rule 30.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

These rules have the force of statutes, and, together with the Code provisions, they establish a procedure which for this state may be deemed due process of law. The provisions are phrased in the imperative mood and they must be observed. I conclude, therefore, that in December, 1911, when the contract was made, defendants could not have enforced specific performance, for it is admitted that neither the court nor a justice had required proof of the cause of action or that any one should be examined respecting payments. Consequently the judgment roll did not contain the papers required by law. Defendants, however, seek to avoid the effect of noncompliance. They have offered proof that intermediate the contract and the date of closing they procured an order under which they attached to the judgment roll as of the date of judgment of foreclosure, which was several years before, an amended order which contained the statutory requirements, and had also filed a copy of the testimony as to the facts required, which is said to have been taken during the foreclosure proceedings, but not filed. They now contend that the referee's deed was validated by those ex post facto proceedings. If that were the question to be determined, I might find among the many decisions cited by the respective counsel, and the able disquisitions by which they have been distinguished and counterdistinguished, my way to a satisfactory conclusion. It might appear that the statutory requirements are not jurisdictional, and that a curative order made several years after the action of foreclosure had terminated does not transcend the power of the court to make essential orders nunc pro tunc. But it does not seem to me that any such issue is presented by this counterclaim. The real issue is whether the title derived through the referee's deed is so free from doubt that acceptance of a conveyance should be enforced. And it seems to me, too, that local conditions should receive some consideration, for specific performance is not a matter of absolute right, but depends somewhat upon varying conditions. In the city of New York real estate is almost as current as some forms of personal property. It is frequently the subject of vast improvements, for which loans are required amounting to hundreds of thousands of dollars. Investors are not so much interested in the fact that title is good as they are in the assurance that corporations with money to lend will find nothing to consider except the amount of the loan. Lenders are not inclined to weigh legal questions, decide between variant views of legal advisors, or add to their cares the burdens of legal uncertainties. The evidence in this case shows that neither lawyers nor lenders are agreed that the title is free from reasonable doubt. The contract contains provisions showing that the purchaser intended to erect a 12-story building with funds to be advanced by an insurance company, "such building to be erected according to plans and specifications to be approved of by the Metropolitan Life Insurance Company."

"The purchaser agrees * * * to execute and deliver to the Metropolitan Life Insurance Company all necessary papers to enable it to make a building loan and permanent loan of $235,000 to the purchaser." "It is agreed and understood that if the Metropolitan Life Insurance Company shall, on or before the eleventh day of January, 1912, refuse to enter into an agreement for the making of a building and permanent loan of $235,000 to

the purchaser upon the terms hereinbefore mentioned, that then in that case this agreement shall be null and void."

After consulting with its attorneys the insurance company decided that the title was not satisfactory and withdrew its offer to make the loan. I am constrained to hold that the title is not one which would be acceptable to men of ordinary business prudence and that a decree for specific performance should be denied. The following statement of the law seems to be founded on good sense:

"The title tendered need not in fact be bad in order to relieve him from his purchase, but it must either be defective in fact or so clouded by apparent defects, either in the record or by proof outside of the record, that prudent men, knowing the facts, would hesitate to take it." Greenblatt v. Hermann, 144 N. Y. 13, 38 N. E. 966.

Plaintiff may present a form of decision incorporating the substance of defendant's proposed findings of fact except Nos. 8, 9, 13, 14, and 18. Plaintiff's proposed finding No. 18 may need revision.