CHARLES H. RYAN, RESPONDENT, v. LOUIS ESTES AND CORLOTTA ESTES, APPELLANTS.

Argued May 17, 1928—Decided October 15, 1928.

For the appellants, *Charles K. Landis, Jr.*

For the respondent, *George R. Greis.*

The opinion of the court was delivered by

CAMPBELL, J. This is an action by a vendee to recover the down payment of $600 on a contract for the sale of lands.

The matter was submitted to the trial judge upon a stipulation of facts, and sitting without a jury, he found in favor of the plaintiff-respondent, and judgment was entered accordingly and therefrom this appeal is taken.

The contention of the plaintiff-respondent (the purchaser) was, and is, that a certain mortgage remaining uncanceled of record was an encumbrance thus precluding the defendants-appellants (vendors) from giving a title, under the contract, "free and clear of all encumbrances," and which "shall be a marketable title."

So far as the form, amount, conditions, &c., of this mortgage are concerned we have nothing except such facts as are contained in the stipulation of facts, as the mortgage is not printed in the state of case.

Under the stipulation of facts the mortgage was, in form as set forth in paragraph 5 of the answer to the complaint, viz.:

"Dated February 4th, 1888, and recorded February 28th, 1888 * * * and provided that the same shall be null and void and of no effect if the said Marcus Frey [the mortgagor] for the term of four years and six months from the date of said mortgage should well and sufficiently save, keep harmless and indemnify the said Herman Weigmann [the mortgagee] * * * of and from two certain judgments

entered against Martha A. Blakeman in Cape May County Circuit Court, one on June 18th, 1870, for $135.69 and the other on February 16th, 1872, for $155.72 * * * and of and from all actions, suits, payments, costs, charges and damages for or by reason thereof."

The learned trial judge treated this mortgage as one given for the security of a debt. This, however, was not its character. It was a guaranty by which the mortgagor undertook for the period of four years and six months from and after its date (February 4th, 1888) to indemnify the mortgagee against any requirement to pay two certain judgments, the lien of both of which expired prior to the expiration of such period of guaranty. Whether this mortgage be considered in the character that it was by the trial judge or in its true character, as a guaranty, would seem to be of no especial consequence, in the conclusion that must be ultimately reached. Considered as it was below, it became due and payable four years and six months after its date, or on August 4th, 1892, so that on the date of settlement under the contract of sale, namely July 26th, 1926, nearly thirty-four years had elapsed since its maturity.

Where a mortgage is twenty years overdue and there is no proof that during that period the mortgagor or assignee in possession has made any payment upon, or otherwise recognized its existence, it is presumed to have been paid. *Magee* v. *Bradley,* 54 *N. J. Eq.* 326; *Rau* v. *Doremus,* 100 *Id.* 134.

Considered in its true character as a guaranty, it likewise terminated and became a nullity on August 4th, 1892, unless the mortgagee, having been called upon to pay either or both of the judgments in question and having been obliged so to do, took proper proceedings against the mortgagor-guarantor and reduced that liability to judgment.

The case before us is entirely devoid of any proof in either of these directions.

The burden of showing either or both of these conditions was upon the vendee, plaintiff-respondent, in an action of this character. *Model Plan Agency* v. *Dimond,* 100 *N. J. Eq.* 244; *affirmed,* 101 *Id.* 786; 144 *N. Y.* 13, 18; 39 *Cyc.* 2065.

The inevitable conclusion is therefore that the plaintiff-respondent (vendee) did not make out such a case, by the proofs, as to entitle him to judgment.

The judgment below is therefore reversed, with costs.

*For affirmance*—None.

*For reversal*—The Chief Justice, Trenchard, Parker, Minturn, Black, Campbell, Lloyd, White, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 13.