ELECTRIC REGULATOR MANUFACTURING CORPORATION and Others, Appellants, *v.* AMERICAN MECHANICAL LABORATORIES, INC., Respondent.

First Department, December 28, 1928.

*Joseph L. Hochman,* for the appellants.

*Milton Hart,* for the respondent.

FINCH, J.  From an order dismissing the complaint for failure to state facts sufficient to constitute a cause of action, plaintiffs appeal.  Where three out of four of the prayers for relief in a complaint in equity have no place therein, as two prayers concern matters exclusively within Federal jurisdiction and another prayer is obtainable in an action at law, and the defendant moves promptly following the service of the complaint, the defendant is entitled to a dismissal of the complaint with leave, however, to plaintiffs to amend.

Plaintiffs are licensors and defendant licensee.  The written contract provided that defendant should pay a royalty for the devices licensed, some of which were patented and upon others there were pending applications for patents.  The contract further required the licensee to assign to the licensors any subsequent patentable inventions and improvements subject to a reservation in the defendant "for radio use only" during the life of the license.  The complaint alleges that defendant breached its agreement by failing to pay royalties and refusing to assign to plaintiffs the improvements and inventions.  Plaintiffs then gave notice of cancellation, in accordance with the agreement, and pray for the following relief: *First,* an injunction against the use of the devices covered by the original license agreement.  *Second,* an accounting for the royalties already earned and to be earned under the license agreement.  *Third,* specific performance of the covenant in the license agreement for the defendant to assign any inventions and improvements.

It is clear that the complaint is defective in three respects: *First,* in that no injunction may be obtained against the use of the devices covered by the original license agreement, certainly in so far as issued patents are concerned, because this is a matter within Federal jurisdiction exclusively.  (*Schalkenbach* v. *Nationnl Ventilating Co.,* 129 App. Div. 389.)  *Second,* the complaint is defective in so far as an accounting is sought as to all royalties earned after the notice

of cancellation was given because this is also exclusively within the Federal jurisdiction. (*Henderson* v. *Dougherty*, 95 App. Div. 346.) As to royalties earned under the license agreement itself, plaintiffs have an adequate remedy at law. (*Moore* v. *Coyne*, 113 App. Div. 52.) In so far as the complaint demands specific performance of the covenant in the license agreement to assign any inventions and improvements, the plaintiffs properly seek equitable relief in the State courts. (*Magnolia Anti-Friction Metal Co.* v. *Singley*, 17 N. Y. Supp. 251; 62 Hun, 622; *Spears* v. *Willis*, 151 N. Y. 443.) Since, however, the complaint is defective in the respects indicated and the defendant has moved promptly following its service, the defendant is entitled to compel the plaintiffs to serve a proper complaint, to the end that the issues may be properly limited and the possibility of surprise and unnecessary litigation be thus eliminated by a simple motion prior to the trial.

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements, with leave, however, to the plaintiffs to serve an amended complaint upon payment of said costs and ten dollars costs of motion at Special Term.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to the plaintiffs to serve an amended complaint within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.