(112 App. Div. 856)

### DOYLE v. DELANEY.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

1. PLEADING—COMPLAINT—NATURE OF RELIEF—LEGAL OR EQUITABLE.

Where facts are stated in a complaint sufficient to constitute a cause of action, whether legal or equitable, the complaint is not demurrable for want of facts because both legal and equitable relief are demanded, when plaintiff is entitled to legal relief only.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 107–110.]

2. SAME—ALTERNATIVE RELIEF.

Where, in an action on a legal demand, plaintiff demanded judgment that defendants account to him for the sum of $3,500 and for such other and further relief as the court may allow, or that plaintiff have judgment for $3,500 and for costs and disbursements, etc., the demand for alternative relief did not condemn the entire pleading.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 143.]

3. SAME—PRAYER.

Where a complaint demanded judgment that defendants account to plaintiff for the sum of $3,500 and for other and further relief, or that plaintiff have judgment for $3,500 and costs, etc., the demand for a money judgment for $3,500 in the alternative was equivalent to a demand for a legal remedy.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 143.]

O'Brien, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Thomas S. Doyle against Joseph M. Delaney, impleaded with others, etc. From an interlocutory judgment sustaining defendant's demurrer to plaintiff's amended complaint, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

R. L. Cutting, for appellant.
W. J. Barr, for respondent.

PATTERSON, J. The plaintiff appeals from an interlocutory judgment sustaining a demurrer to the complaint interposed by the defendant Joseph M. Delaney. It was held by the court below that the complaint did not state facts sufficient to constitute a cause of action against the demurrant. Briefly summarized, the allegations of that pleading are as follows: That the defendant Delaney and Frank Heally were copartners under the firm name of J. M. Delaney & Co., and the other defendants were copartners under the firm name and

style of Post & Co. That on May 27, 1903, the plaintiff entered into a contract with Joseph M. Delaney in the following words:

"New York, May 27th, '03.

"Memo. agreement bet. Jos. M. Delaney and T. S. Doyle whereby it is mutually agreed that Mr. Doyle will open an acct. with Post & Co., with ten thousand dollars to be used as margin to buy one thousand shares United States Leather Co. pref. stock on advice of Mr. Delaney, who is to have one-half interest in any profits that may result, and who also becomes liable for one-half of any loss that may result from said account. Mr. Doyle agrees to buy and sell on advice of Mr. Delaney, but will not be obligated to hold more than one thousand shares of U. S. L. pref. stock on the acct. at one time, and the account is to be closed not later than July 15th, '03.

"[Signed]                                      Joseph M. Delaney."

That pursuant to the agreement, on or about May 27, 1903, the plaintiff opened an account with Post & Co., and Delaney directed that firm to buy five shares of the stock, and the plaintiff caused 500 other shares to be transferred from an account he had with Henry Clews & Co. to Post & Co., and the plaintiff deposited with Post & Co. $7,000 in cash. Plaintiff then alleges that 500 shares which were to be bought by the defendants Post & Co. for him were never bought in fact. That no actual purchase was made, and that an account rendered of the purchase by Post & Co. to the plaintiff was wholly fictitious. That the defendants assumed and exercised entire and absolute control over the stock and over the moneys which the plaintiff had deposited with Post & Co. That the defendants (all of them) falsely and fraudulently stated to the plaintiff that the whole 1,000 shares of stock had been sold by Post & Co. at a loss of more than $7,000, and the plaintiff, relying upon such statements and representations of the defendants, accepted the sum of $3,500 from Joseph M. Delaney, one of the defendants herein, in full settlement. That the defendants well knew that the statements and representations were false, and that they were made by the defendants for the purpose and with the intent of deceiving and defrauding the plaintiff, and the plaintiff relied on the statements and representations so made. That since the acceptance by him of the $3,500 (which amount represents the one-half loss which would have been chargeable to the defendant Delaney), the plaintiff has been informed and believes that the preferred stock of the United States Leather Company was caused to be sold by the defendants without any loss whatever, and that the $7,000 deposited by the plaintiff with Post & Co. was converted by the defendants (all of them) to their own use, and that the defendants without authority fraudulently caused the said stock and money of the plaintiff to be transferred from the account of plaintiff to the account of one B. E. Taft, who was an employé and agent of the firm of J. M. Delaney & Co., and who had an account with Post & Co., but said Taft had no interest whatever in said account, and was a mere dummy. That the defendants fraudulently, and by devices unknown to the plaintiff, pretended that the United States Leather stock was sold at a loss of $7,000 or over, but the plaintiff is informed and believes that, if the said stock was sold, there was no actual loss whatever by such sale. That the plaintiff demanded from the defendants an account of the transactions purported to have been had for his account, but the only account plaintiff has been able to obtain is an ai-

leged account annexed to the complaint. That the defendants refused to render plaintiff any other or further account. Whereupon the plaintiff demands judgment against the defendants that the defendants account to him for the sum of $3,500, and for such other and further relief as the court may allow, or that plaintiff have judgment for $3,500, and for the costs and disbursements of this action.

Evidently, the demurrer was sustained on the ground that all the allegations of the complaint are framed for equitable relief, and that such relief only is demanded, in which case, if a good cause of action in equity is not alleged, the complaint is demurrable, even though the facts show that the plaintiff has a good cause of action at law. As we read this complaint, the plaintiff has not set forth facts which would entitle him to an accounting against the defendant Delaney. The specific charge against him is that he perpetrated a fraud upon the plaintiff with respect to the stock and money belonging to the plaintiff, and that by false and fraudulent representations he induced the plaintiff to accept the sum of $3,500, whereas, by reason of the acts and conduct of Delaney and Post & Co., he (the plaintiff) is entitled to receive from them the full sum of $7,000, which he had deposited with Post & Co. upon the initiation of the transaction with them. The demand in the complaint for equitable relief is only for an accounting with respect to $3,500. There is no demand for a general accounting, and there is an alternative demand for a money judgment of $3,500. Therefore, in this complaint a legal cause of action against Delaney is stated, with a demand of judgment against him for an amount of money to which the plaintiff conceives himself to be entitled by reason of the fraud which he alleges was perpetrated upon him. Where facts are stated in the complaint sufficient to constitute a cause of action, whether legal or equitable, the complaint is not demurrable on the ground that it does not state sufficient facts, because both legal and equitable relief are demanded when the plaintiff is entitled to but one. Mitchell v. Thorne, 134 N. Y. 536, 32 N. E. 10, 30 Am. St. Rep. 699. Here the cause of action against Delaney is legal. The demand for alternative relief does not condemn the whole pleading. The fact that an accounting is demanded, and that under the circumstances the plaintiff could not maintain the action in that aspect, does not render the complaint demurrable upon the ground that it does not state facts sufficient to constitute a cause of action. To quote the language of Follett, J., in Wisner v. Consolidated Fruit Jar Co., 25 App. Div. 362, 364, 49 N. Y. Supp. 500:

"On the facts set forth in the complaint, the plaintiff has no equitable cause of action against Delaney, but has a legal one; and, having demanded a money judgment as well as equitable relief, the complaint is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action. Porous Plaster Co. v. Seabury, 43 Hun, 611; Wetmore v. Porter, 92 N. Y. 76."

In the case at bar the demand for alternative relief for a money judgment for $3,599 is the equivalent of a demand for a legal remedy. No set form of words is necessary, if the intent of the pleader is made apparent. The much discussed case of Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095, is not applicable here. In that case no alternative relief was demanded, and it conclusively appeared that the complaint was framed for equitable relief alone.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendant Delaney to withdraw the demurrer and answer the complaint, on payment of costs in this court and in the court below, within 20 days after service of the order to be entered on this decision. All concur, except O'BRIEN, P. J., who dissents.