(113 App. Div. 52)

MOORE et al. v. COYNE & DELANEY MFG. CO. et al.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

1. PATENTS—CONTRACTS FOR MANUFACTURE OF PATENTED ARTICLES—LIABILITY OF THIRD PARTY FOR ROYALTIES.

A complaint alleging that plaintiffs, being the owners of certain letters patent, made a contract with a firm authorizing it to manufacture the patented article upon payment of a royalty, and that the firm "gave the benefit of the contract" to a corporation, which thereafter manufactured the articles, but refused to pay the royalties, and seeking an accounting from the corporation, stated no cause of action as against the corporation.

2. ACCOUNT—RIGHT OF ACTION—BREACH OF CONTRACT.

Where a contract provided for the manufacturing of patented articles by defendant and the payment of royalties therefor to plaintiff, who owned the letters patent, a failure to pay royalties did not give plaintiff a right to an accounting in equity, inasmuch as it had an adequate remedy at law, and no trust or fiduciary relation existed.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Account, § 71.]

Appeal from Special Term, New York County.

Action by Charles H. Moore and another against the Coyne & Delaney Manufacturing Company and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

De Witt Bailey, for appellants.

J. D. O'Connor, for respondents.

McLAUGHLIN, J. The Coyne & Delaney Manufacturing Company demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action against it. The demurrer was overruled, and it has appealed. The complaint charges that at all the times mentioned John Coyne and James Delaney were a copartnership doing business under the name of Coyne & Delaney; that the Coyne & Delaney Manufacturing Company is a domestic corporation, and has an office for the transaction of business at the same place that the firm of Coyne & Delaney has; that on the 22d of March, 1899, the plaintiffs were the owners of letters patent issued by the United States for the manufacture and sale of wash basin fixtures or traps of a certain design, and that on that day they entered into an agreement with the firm of Coyne & Delaney, by which such firm was permitted to manufacture and sell such patented articles upon paying to the plaintiffs, their legal representatives or assigns, a royalty of 25 cents on each fixture or trap manufactured or sold, and rendering to plaintiffs, every 30 days, an account of the fixtures or traps so manufactured or sold, and paying such royalty, which the firm agreed to do. It also contains an allegation to the effect that Coyne & Delaney fraudulently and deceitfully represented themselves as a firm, and gave the benefit of the contract to the Coyne & Delaney Manufacturing Company, and it thereafter manufactured and sold large quantities of the patented articles, for which Coyne & Delaney and the Coyne & Delaney Manufacturing Company refused to pay, although requested to do so; that the plaintiffs had received not exceeding $350 from Coyne & Delaney, but they were unable to say whether the payments were made by the firm or the corporation. The judgment demanded is that both the firm and the corporation account for the articles manufactured and sold, and that plaintiffs have judgment against the individuals composing the firm, and the corporation, jointly, for whatever sum might be found due.

I am unable to see any cause of action whatever alleged against the corporation. If it be true that the corporation has manufactured or sold the patented articles in violation of plaintiffs' rights secured under

their letters patent, then their remedy against the corporation is to enjoin it, and to recover damages for an infringement of the patent, which would necessitate a different action in a different form. It will be noted there is no allegation in the complaint that any of the articles for the manufacture and sale of which the corporation is sought to be held liable were made or sold in pursuance of the license given by the plaintiffs to the firm of Coyne & Delaney. The only allegation bearing on that subject is that the corporation had the benefit of the contract, and it and the firm were "beneficiaries under said agreement," whatever this may mean. This allegation might make the corporation liable to the firm, but not to the plaintiffs, because there is no contract relation existing between the plaintiffs and the corporation.

The complaint is also bad for another reason. It appears upon the face of it that the plaintiffs have an adequate remedy at law. The contract simply provides for the payment of royalties upon a patented article if manufactured or sold, and, if the same have been manufactured or sold under the contract, then this gives the plaintiffs the right, not to an accounting, but to the royalties stipulated to be paid, for which an action at law may be maintained. And while it might be necessary, in order to ascertain just what royalties were due, to take an account, this alone would not give a court of equity jurisdiction. There must be something in addition. There must exist some trust or fiduciary relation between the parties to justify a court of equity in exercising its powers by decreeing an accounting. The only relief that could here be awarded would be a moneyed judgment—clearly an action at law, and nothing else. McCullough v. Pence, 85 Hun, 271, 32 N. Y. Supp. 986; Everett v. DeFontaine, 78 App. Div. 219, 79 N. Y. Supp. 692.

If the action could be treated as one at law, and an inference could be drawn from the facts alleged that the corporation had assumed the obligations of the firm of Coyne & Delaney, this would not aid the plaintiffs, because there are no allegations that the corporation has manufactured or sold articles upon which the royalties would be in excess of the amount which has been paid.

The judgment appealed from, therefore, should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiffs to serve an amended complaint on payment of the costs in this court and in the court below. All concur.