---

### HARLE v. HAGGIN et al.

(Supreme Court, Appellate Division, First Department.   April 8, 1909.)

1. ACCOUNT (§ 4*)—ESSENTIALS—FIDUCIARY RELATION.

To sustain a suit for an accounting, some trust or fiduciary relations between the parties must be shown; and hence no accounting can be compelled under a bare option to buy stock, where the buyer advanced no money or consideration.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 13, 14; Dec. Dig. § 4.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. SPECIFIC PERFORMANCE (§ 68*) — CONTRACTS TO SELL CHATTELS — REMEDY AT LAW.**

Equity will not enforce specific performance of a contract to sell chattels, unless it is specially shown that damages for breach of the contract would not afford adequate relief.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 199; Dec. Dig. § 68.*]

**3. SALES (§ 24*)—OPTIONS—BREACH—ESSENTIALS.**

A mere option to sell extending over several years is not broken by the seller until the buyer or her assignor exercised the option and tendered performance.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 49–51; Dec. Dig. § 24.*]

**4. SALES (§ 406*)—OPTIONS—ACTION FOR BREACH—TENDER—SUFFICIENCY.**

An allegation that one holding an option to purchase desires and offers to pay the amount due is insufficient to sustain an action at law for breach of the option, though it would be sufficient in equity; tender of performance by plaintiff being essential.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1157; Dec. Dig. § 406.*]

Appeal from Special Term, New York County.

Action by Julia C. Harle against James B. Haggin and others. Interlocutory judgment overruling demurrer to the complaint, and defendant Haggin appeals. Reversed, and demurrer sustained, with leave to amend.

Argued before PATTERSON, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and HOUGHTON, JJ.

Alexander & Green (Charles W. Pierson, of counsel), for appellant. C. A. Mountjoy, for respondent.

CLARKE, J.   The complaint alleges that Haggin is and was largely interested in the Cerro De Pasco Investment Company, a New Jersey corporation, and a subscriber and owner of a large amount of its stock; that on the 28th of August, 1902, Haggin offered in writing to sell to defendant Benno F. Brennig, at its cost to Haggin, plus 6 per cent. interest up to the date of Brennig's payment for the same, less the amount of dividends declared and received by Haggin, so much of the stock of the Cerro De Pasco Investment Company, as should cost Haggin $50,000, whether the price which Haggin paid for it should have been more or less than par, upon the following conditions: That Brennig was to take and pay for said stock within four years from the date of said letter, and that Haggin was under no obligation to deliver to Brennig certificates for said stock until after Haggin received certificates for all the shares to which Haggin should become entitled as subscriber thereto; that on August 30, 1902, Brennig accepted the offer in writing and the same became a binding contract of sale; that said agreement had been extended in writing and was still in force and effect; that Haggin has now received all the certificates of stock to which he is entitled, or is entitled to receive the same upon demand, but plaintiff is ignorant of the number of shares that Haggin has received from said stock; that Brennig has not received any of said stock from Haggin; that the other defendant,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Aimee C. Brennig, is interested in said contract between said Haggin and Brennig; that on various dates the two Brennigs assigned and transferred to plaintiff in all 30 per cent. of their interest of the stock which they should obtain under the said agreement with Haggin; that on the 24th of February, 1903, to secure a certain indebtedness of $10,150, with interest, said Brennigs assigned and delivered to plaintiff an assignment of 65 per cent. of said stock to be received from Haggin, as security for said indebtedness and the notes evidencing said loan of $10,150, with interest; that plaintiff, by reason of the foregoing assignments, is the owner and possessor in absolute right of 30 per cent. of the stock purchased as aforesaid by Benno F. Brennig from Haggin, but the certificates of which were not delivered, and is also the owner and possessor of 65 per cent. interest of said stock as collateral security for said debt of $10,150, with interest; that plaintiff is ignorant of, and has no means of knowing, the amount which may be due from said Brennig to Haggin in order to entitle the Brennigs to said stock; that plaintiff, after proper showing and accounting by Haggin as to the number of shares that said $50,000 investment of said Brennig represents, and the amount of dividends paid thereon, is desirous of paying up, and here offers to pay up, what may be due for said stock, to which said Brennig is entitled under said contract with Haggin, so that she may obtain the 30 per cent. belonging to her absolutely, and hold the 65 per cent. as security for said indebtedness. Wherefore she demands an interlocutory judgment requiring Haggin to state a full account of his interest in the company, the amount that he paid for the same, the dividends that he has received on the same, and the number of shares he has received in said company, or is entitled to receive; that Haggin state what amount, if anything, is due by Benno F. Brennig upon said contract of purchase; that, upon said accounting by Haggin, plaintiff be subrogated to the rights of the Brennigs in and to said stock, and that Haggin, upon payment of the amount due him, assign and transfer the same to the plaintiff, to be held subject to the equities of plaintiff with said Brennigs; that plaintiff be adjudged to hold 30 per cent. of said Brennigs' stock absolutely; and that the balance, 65 per cent., be sold to repay plaintiff whatever she may have paid Haggin to obtain said stock, and to satisfy said debt of $10,150 due by the said Brennigs to plaintiff. The defendant Haggin demurred to the complaint upon the ground that causes of action had been improperly united, and upon the ground that it did not state facts sufficient to constitute a cause of action, and, the demurrer having been overruled, appeals.

The complaint is framed in equity, and is sought to be sustained upon the ground that it alleges facts sufficient to sustain an equitable action for an accounting, and for an equitable action to compel the specific performance of a contract for the sale of personal property. Under the settled law of this state, to sustain an action in equity for an accounting, it must appear that there is some trust or fiduciary relation existing between the parties. McCullough v. Pence, 85 Hun, 271, 32 N. Y. Supp. 986; Marvin v. Brooks, 94 N. Y. 71; Moore v. Coyne,

113 App. Div. 52, 98 N. Y. Supp. 892; Yuengling v. Betz, 120 App. Div. 709, 105 N. Y. Supp. 815. The agreement between Haggin and Brennig was a contract for a sale of stock to be acquired in the future. That it is such a contract appears by its terms. It is twice so alleged in the complaint. It was an option, under which Haggin offered to sell within a certain time stock at a price to be fixed in a specified way upon a future contingency. No money was advanced by Brennig to Haggin. No consideration was paid. There was no provision for participation in profits, and no obligation other than that of purchase and sale. There was no trust relationship created; no partnership, nor joint enterprise. These facts distinguish this case from Marston v. Gould, 69 N. Y. 220, where there was a joint adventure, the plaintiff was to furnish his services, the defendant the funds, and the profit accruing was to be divided in a specified ratio, where the court said:

"If this does not constitute a technical partnership between the parties inter sese, an adjustment and a division of the net profits requires an accounting, and to that the plaintiff was entitled."

So in Marvin v. Brooks, 94 N. Y. 71, and in Johnson v. Brooks, 93 N. Y. 337, in each case the plaintiff's money was advanced for investment in a mode specified, and the stock and bonds were to be allotted and delivered when the investment was made, and the court held that the defendant undertook to act in the interest of the plaintiffs and thereby assumed towards them a fiduciary relation.

Upon the second ground, upon which it is urged that the complaint can be sustained in equity, viz., to enforce a specific performance, no facts are shown to take the case out of the general rule that a court of equity will not entertain an action for the specific performance of a contract for the sale of chattels, unless special facts are alleged and proved which show that an award of damages for a breach of the contract of sale would not afford the plaintiff an adequate relief. Butler v. Wright, 103 App. Div. 463, 93 N. Y. Supp. 113; Id., 186 N. Y. 259, 78 N. E. 1002; Clements v. Sherwood-Dunn, 108 App. Div. 327, 95 N. Y. Supp. 766, affirmed 187 N. Y. 521, 79 N. E. 1102.

The complaint not being good in equity, are there sufficient allegations of fact to sustain it at law as for a breach of contract? As pointed out, a contract for the future sale of stock is alleged. No facts are set up establishing a breach of said contract. Being a mere option, extending over a number of years, there could be no breach by the defendant Haggin until the plaintiff or her assignor exercised the option and tendered performance. There is no allegation of such election or tender. There is an allegation that the plaintiff is desirous of paying up, and here offers to pay up, what may be due for the said stock; but that allegation, while appropriate and sufficient in an action in equity, is insufficient to sustain an action at law for damages for the breach of the contract.

It follows, therefore, that, as the complaint does not state facts sufficient to constitute a cause of action, the interlocutory judgment overruling the demurrer should be reversed, with costs to the appellant, and the demurrer sustained, with costs, with leave to the plaintiff, upon payment thereof and within 20 days, to plead over. All concur.