### KARST v. PRANG EDUCATIONAL CO.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

1. COPYRIGHTS (§ 47*)—ROYALTIES—RECOVERY—NATURE AND FORM OF REMEDY.
   The remedy to recover royalties reserved under an assignment of a copyright interest in books is an action at law for the royalties, rather than in equity for an accounting.
   [Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 47.*]

2. DISCOVERY (§ 36*)—EXAMINATION OF DEFENDANT.
   In an action at law for the recovery of royalties reserved in an assignment of a copyright interest in books, plaintiff may examine defendant as to the state of accounts on the sale of books, either to prepare his complaint or for the purpose of using the evidence on the trial.
   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

3. TRIAL (§ 11*)—SPECIAL CALENDARS—TRANSFER.
   Where no facts are alleged on which plaintiff would be entitled to equitable relief if the facts stated show a cause of action at law, the case should be stricken from the equity calendar, and transferred to the Trial Term calendar.
   Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 28–30; Dec. Dig. § 11.*]

   Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by John Karst against the Prang Educational Company. From an order denying the motion to strike the cause from the Special Term calendar, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Nelson L. Robinson, for appellant.
James Gillin, for respondent.

LAUGHLIN, J. The motion was made upon the theory that this is an action at law, and not a suit in equity. The complaint states facts showing a cause of action at law only, but it demands only equitable relief.

The plaintiff sues on an express contract for the payment of royalties on the sale of certain books. The contract fixes his royalties at

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2 per cent. of the net wholesale price of all books falling within the terms of the contract sold by the defendant. The plaintiff had a copyright interest in the publications, but he sold and assigned the same to the assignor of the defendant and to the defendant, reserving the right to the royalties on the sale of the books. He therefore has no interest in the books, no interest in the profits as such realized thereon by the defendant, and, although the contract requires the defendant to give him an account of the sales at fixed intervals, yet the failure of the defendant to comply with the contract in this regard or to pay the royalties would not give him a cause of action for an accounting. Moore v. Coyne, 113 App. Div. 52, 98 N. Y. Supp. 892; Baylis v. Bullock Electric Mfg. Co., 59 App. Div. 576, 69 N. Y. Supp. 693; Hart v. Garrett Co., 87 App. Div. 536, 84 N. Y. Supp. 774, and cases cited; Everett v. De Fontaine, 78 App. Div. 219, 79 N. Y. Supp. 692; Smith v. Bodine, 74 N. Y. 30; Lindner v. Starin, 128 App. Div. 664, 113 N. Y. Supp. 201. The plaintiff has under the contract merely a right of action for the royalties, and, having such action, he had the right to examine the defendant either for the purpose of preparing his complaint or for the purpose of using the evidence upon the trial and thereby ascertaining the state of the account, which is all that is material. There is no necessity for any accounting. The plaintiff merely needs to know the wholesale prices of the books and the number of books sold, and then the amount to which he is entitled may readily be computed. The contract leaves nothing to be deducted and nothing else to be considered. The plaintiff claims that it is a suit in equity and has noticed it for the Special Term calendar. In such case it has been held that the court may retain it on the Special Term calendar, and at the commencement of the trial or at the close of the proofs, if no right to equitable relief be shown, the complaint may be dismissed, although the facts show that the plaintiff is entitled to relief at law. Mittenthal v. Rabinowitz, 60 App. Div. 138, 70 N. Y. Supp. 119. We are of opinion, however, that, where no facts are alleged upon which the plaintiff would be entitled to equitable relief, yet, if the facts stated show a cause of action at law, the case should be stricken from the equity calendar, and transferred to the Trial Term calendar. McNulty v. Mt. Morris Electric Light Co., 172 N. Y. 410, 65 N. E. 196; Everett v. De Fontaine, 78 App. Div. 219, 79 N. Y. Supp. 692; Thomas v. Schumacher, 17 App. Div. 441, 45 N. Y. Supp. 166, affirmed 163 N. Y. 554, 57 N. E. 1126. See, also, Baylis v. Bullock Electric Mfg. Co., 59 App. Div. 576, 69 N. Y. Supp. 693; Davis v. Morris, 36 N. Y. 569, 572; Hudson v. Caryl, 44 N. Y. 553, 555; Wheelock v. Lee, 74 N. Y. 495.

Regarding the action as one at law, however, the plaintiff fails to demand the money judgment to which he is entitled, and it may be that it will be necessary for him to have his complaint amended; but whether he be entitled to only nominal or to substantial damages his cause of action on the facts stated is clearly at law and not in equity.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur.

INGRAHAM, J. I dissent. No recovery at law could be allowed upon the complaint, as no damages are alleged, nor is it alleged that any amount is due to the plaintiff from the defendant on account of the contract sued upon. The action cannot be sustained, therefore, as an action at law. The plaintiff insists upon trying this case as an action in equity, and, although the result necessarily would be a judgment for the defendant upon such trial, I see no reason for striking the case from the equity calendar and refusing to allow the plaintiff to try the action as one in equity, where no facts are alleged which would justify a recovery at law.