---

### SISSON v. BARNUM et al.

(Supreme Court, Appellate Division, Third Department. September 15, 1909.)

1. REPLEVIN (§ 57*)—PLEADING—SUFFICIENCY OF ALLEGATIONS.

　　The complaint alleged that another formerly owned 90 shares of stock in defendant corporation of a value stated, and transferred it to plaintiff, who was entitled to possession; that the stock was left with B., who thereafter transferred it to another defendant, who claimed to own it; that plaintiff had demanded the stock, but B.'s transferee refused to deliver it, and was attempting to transfer it on the corporate books, and have a new certificate issued to himself; that such transferee is a nonresident and has possession of the certificates, so that plaintiff cannot replevy them, and the officers of defendant corporation intend to trans-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fer the certificates upon presentation unless restrained or the rights of the parties are determined. The complaint prayed that defendant corporation and its officers be restrained from transferring the stock or issuing new certificates to B. or his transferee; that plaintiff be declared the rightful owner and entitled to possession, and, if it was not delivered to him, that B. and his transferee be adjudged to pay plaintiff the value of the stock as alleged. *Held*, that the complaint sufficiently alleged an action of replevin against B., though it contained many irrelevant allegations, and the averment that plaintiff was unable to replevy the stock did not destroy the character of the action alleged, as plaintiff could still recover the value of the property.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. § 200; Dec. Dig. § 57.*]

2. REPLEVIN (§ 106*)—PLEADING—RELIEF DEMANDED—MONEY JUDGMENT.

The relief demanded was sufficiently comprehensive to permit recovery of the value of the stock if it could not be delivered to plaintiff.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. § 416; Dec. Dig. § 106.*]

3. PLEADING (§ 192*)—COMPLAINT—SUFFICIENCY—DEMAND OF EXCESSIVE RELIEF—EFFECT.

Where the facts alleged entitle the plaintiff to some relief, and that demanded is proper under the allegations, the complaint is not demurrable for containing unnecessary allegations and demanding judgment for more than the facts warrant, as the unnecessary allegations may be disregarded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 414; Dec. Dig. § 192.*]

4. ACTION (§ 46*)—JOINDER.

Under Code Civ. Proc. § 484, providing what causes of action may be joined, an action to recover a chattel cannot be joined with an action of a different nature, such as an equitable action.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 449; Dec. Dig. § 46.*]

5. INJUNCTION (§ 40*)—GROUNDS—TRANSFER OF CORPORATE STOCK—ADEQUACY OF LEGAL REMEDY.

Equity will not interfere to prevent injury to personalty except where the property has some special and peculiar value for which a money judgment would not compensate, and where the complaint in an action to enjoin the wrongful transfer of stock alleged that it was of a certain value, and defendant was pecuniarily responsible, and there was nothing to indicate that a money judgment would not be adequate, no equitable cause of action was stated, though it was also alleged that the stock could not be replevied because of the nonresidence of the holder.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 40.*]

Appeal from Special Term, Chenango County.

Action by Charles Sisson against Lawrence Barnum, impleaded with others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed, and demurrer overruled.

The complaint alleges that one Blake was formerly the owner of 90 shares of the capital stock of the defendant the Norwich Gas & Electric Company, a domestic corporation, said shares and stock being represented by two certificates; that said Blake on or about May 10, 1905, for a sufficient consideration, sold and transferred said stock to the plaintiff, who then became and now is the owner and entitled to possession thereof; that said Blake while owner of the stock had left the same with the defendant Barnum for safekeeping; that said Barnum, without right or authority, wrongfully and illegally sold or transferred or surrendered said stock to one Bassett, who as-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sumes and claims to be the owner and holder thereof; that said attempt to transfer was fraudulent and void as against the plaintiff; that plaintiff has demanded of the said Bassett delivery of the said stock which has been refused; that said Bassett is attempting to have said stock transferred upon the books of said corporation, and the certificates thereof which had been issued to said Blake canceled, and a new certificate or certificates issued to said Bassett in place thereof, and that the said Bassett is a nonresident of the state of New York, and has the certificates of said stock in his possession outside of the state, so that the plaintiff is unable to replevy or proceed in a regular action for the possession of the said stock; that the officers of said corporation have informed plaintiff that upon presentation of the certificates of said stock they would transfer the same upon the books of the company unless restrained, or unless some action be brought to determine the rights and interests of the parties; that the value of said stock is at least $3,000. The action is against Barnum, Bassett, the Norwich Gas & Electric Company, and the officers of said company.

Judgment is demanded in the complaint as follows: "That the defendant the Norwich Gas & Electric Company, the defendants Morris and Summers, as its officers, be restrained from transferring and canceling said stock or issuing new stock to either the defendants Barnum or Bassett herein, or to any other person presenting or attempting to present said stock for transfer or cancellation or in any manner interfere with the said stock; that it be determined in this action that the plaintiff is the just and rightful owner of said stock and entitled to the possession thereof, and, in case the said stock is not delivered to the plaintiff, that it then be adjudged and determined that the said stock is of the value of three thousand dollars ($3,000), and that the said Barnum and Bassett be adjudged to pay to the plaintiff the value of said stock, to wit, three thousand dollars ($3,000), and for such other and further relief herein as to the court may seem just and proper, with the costs of this action."

The defendant Barnum has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and also on the ground that causes of action have been improperly united.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Fitch & Kiley (Judson A. Gibson, of counsel), for appellant.
Pavey & Moore (Henry W. Coley, of counsel), for respondents.

COCHRANE, J. The complaint contains allegations sufficient to constitute a cause of action against the démurrant Barnum for the recovery of the property, and the relief demanded is sufficiently comprehensive to permit a money judgment for the value thereof in case the property itself is not delivered to plaintiff. Where the facts stated entitle the plaintiff to some relief, and the relief demanded is in harmony with the allegations, a complaint is not demurrable merely because it contains unnecessary and irrelevant allegations, and demands judgment for more than the facts warrant. Pape v. Pratt Institute, 127 App. Div. 147, 111 N. Y. Supp. 354; Doyle v. Delaney, 112 App. Div. 856, 98 N. Y. Supp. 468; The Hotel Register Company v. Osborne, 84 App. Div. 307, 82 N. Y. Supp. 609; Middleton v. Ames, 37 App. Div. 510, 57 N. Y. Supp. 443; Wisner v. The Consolidated Fruit Jar Company, 25 App. Div. 362, 49 N. Y. Supp. 500. In the case last cited an attempt had been made to plead an equitable cause of action. It was held, however, that the cause of action alleged was legal. Mr. Justice Follett in writing for the court said:

"It is true that the plaintiff, in addition to his demand for a money judgment, also demands an accounting, but this does not make the action an eq-

uitable one. In case a plaintiff, by accident or design, sets forth a legal cause of action in his complaint, which he erroneously supposes to be an equitable cause of action, and demands a money judgment, a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action will not be sustained. * * * On the facts set forth in the complaint the plaintiff has no equitable cause of action, but has a legal one, and, having demanded a money judgment as well as equitable relief, the complaint is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action. Porous Plaster Co. v. Seabury, 43 Hun, 611; Wetmore v. Porter, 92 N. Y. 76."

This complaint therefore may be sustained as stating a common-law cause of action in replevin, notwithstanding that. it may contain allegations irrelevant to such a cause of action, and the demurrer must be overruled so far as it attacks the complaint for insufficiency. It is said, however, that the complaint also contains an equitable cause of action against other defendants, and that the demurrer should be sustained on the ground that causes of action have been improperly united. If it is true that the complaint alleges a cause of action in equity, the demurrer must be sustained because it is very clear that, under section 484 of the Code of Civil Procedure, a cause of action for the recovery of a chattel cannot be united with a cause of action of a different nature. Neither would both of such causes of action affect all the parties hereto as required by that section. But the complaint does not state any grounds for equitable intervention. The injury sustained by the plaintiff is not irreparable, and he has an adequate remedy at law. In 22 Cyc. p. 817, in a footnote, the rule is stated as follows:

"Equity will not interfere to prevent an injury to or sale of ordinary personal chattels or property since an action at law for damages is an adequate remedy."

Equity, of course, will interfere where special or extraordinary reasons are shown, but this complaint alleges a definite value for the stock, which value may be recovered as against this demurrant whose pecuniary responsibility is unquestioned, and there is nothing to indicate that such pecuniary compensation will not adequately compensate the plaintiff, or that there is any peculiar or special reason .why he should desire to retain the stock rather than to receive its pecuniary equivalent. The allegations pertaining to equitable relief as against other defendants, being insufficient to warrant relief of that nature, should, therefore, be disregarded and the complaint construed as containing only a common-law cause of action. (See cases above cited.)

The statement in the complaint that because the stock certificates are out of the state plaintiff "is unable to replevy or proceed in a regular action for the possession of the said stock" does not destroy the character of the complaint as being in replevin because it merely describes the inability of plaintiff to compel the delivery to himself of the specific property, instead of its pecuniary value, which latter may be recovered in such an action if the defendant fails to deliver the specific property or plaintiff is unable to recover it. Neither is such statement sufficient ground for equitable relief in the absence of facts showing that a money judgment will not fully redress the grievance of plaintiff. This is not a case where the facts alleged constitute two

or one of two inconsistent causes of action, and the problem is to determine which shall be recognized. Only one cause of action is here alleged notwithstanding that irrelevant facts are contained in the complaint, that judgment is demanded for more extensive relief than the facts warrant, and that unnecessary parties have been brought before the court.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs and with leave to the respondent to withdraw the demurrer and serve an answer within 20 days on payment of costs in this court and at Special Term. All concur, SMITH, P. J., and KELLOGG, J., in result.