## CLEMENTS v. W. S. COOPER CO.

(Supreme Court, Special Term, Orleans County. June 28, 1912.)

1. ACCOUNT (§ 1*)—JURISDICTION OF COURT OF EQUITY.
   There must be some trust or fiduciary relation between the parties to give a court of equity jurisdiction to order an accounting; the mere necessity of an accounting to ascertain the amount due on a contract being wholly insufficient.
   [Ed. Note.—For other cases, see Account, Cent. Dig. §§ 1–8; Dec. Dig. § 1.*]

2. PLEADING (§ 193*)—COMPLAINT—SUFFICIENCY.
   Where a complaint states a cause of action for legal relief and an accounting, it is not demurrable because the action is also one for equitable relief.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443; Dec. Dig. § 193.*]

3. ACCOUNT (§ 6*)—RIGHT—LONG ACCOUNTS.
   Under Code Civ. Proc. §§ 1013, 1015, authorizing reference in trials at law, where long accounts are to be examined, an accounting may be had in an action to recover money, merely to determine the amount.
   [Ed. Note.—For other cases, see Account, Cent. Dig. §§ 17, 18; Dec. Dig. § 6.*]

4. PLEADING (§ 8*)—DECLARATION—CONCLUSIONS.
   An allegation of indebtedness is not an allegation of fact, but a mere conclusion.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

5. PLEADING (§ 8*)—CONCLUSIONS—COMPLAINT—SUFFICIENCY.
   A complaint, merely stating that defendant was indebted to plaintiff and that an accounting was necessary to determine the amount, is insuffi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cient to state a cause of action; Code Civ. Proc. § 481, subd. 2, requiring a concise and plain statement of facts, and the allegation of indebtedness being a mere conclusion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

Action by Earl W. Clements against the W. S. Cooper Company. On demurrer to plaintiff's complaint. Demurrer sustained.

Gerald B. Fluhrer, of Albion, for demurrer.

Sanford T. Church, of Albion, opposed.

POUND, J. This is an action to compel an accounting between contractor and subcontractor on a canal contract with the state of New York and for judgment for the amount found due thereon and for general relief. Defendant demurs to the complaint on the ground that no cause of action for an accounting in equity is pleaded and the facts stated do not constitute a cause of action at law.

[1] To give jurisdiction to a court of equity, there must be something in addition to the necessity to take an account to ascertain the amount due on the contract. It must appear that there is some trust or fiduciary relation existing between the parties. Harle v. Brennig, 131 App. Div. 742, 745, 116 N. Y. Supp. 51; Moore v. Coyne, 113 App. Div. 52, 54, 98 N. Y. Supp. 892. No trust or fiduciary relation is alleged to exist between the parties hereto, and so the complaint fails to state a cause of action for an accounting in equity. The only relief that could here be awarded would be a money judgment for the amount due on the contract, and a court of law has ample jurisdiction to take all the accounting that would be necessary to determine the amount the plaintiff is entitled to recover. Everett v. De Fontaine, 78 App. Div. 219, 79 N. Y. Supp. 692.

[2] It is urged that, blended with the allegations and prayer for equitable relief, the complaint states facts sufficient to constitute a cause of action for legal relief; that a cause of action for a money judgment is thus stated and judgment for a sum of money demanded. The rule is that such a complaint is nondemurrable, although the action is also one for equitable relief. Wisner v. Consolidated Fruit Jar Co., 25 App. Div. 362, 49 N. Y. Supp. 500; Doyle v. Delaney, 112 App. Div. 856, 860, 98 N. Y. Supp. 468; Sisson v. Bassett, 134 App. Div. 53, 56, 118 N. Y. Supp. 664.

[3] Has the plaintiff stated facts sufficient to constitute a cause of action for legal relief? He alleges in a single count that he is *entitled* to $20,299.70 and other sums, less credits, for work performed, *certain portions of which, the exact amount of which plaintiff cannot state, are now due, and certain portions of which are to become due.*

The demand for judgment is as follows:

"Wherefore plaintiff demands judgment settling and adjusting the accounts between the parties hereto, namely, the plaintiff and the defendant herein, and that the defendant be adjudged to pay to the plaintiff the sum of $20,299.70 or *such* other or additional *sums as may be found due* and ow-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing from the defendant to the plaintiff herein, and adjusting and *settling the amount to become due* to plaintiff from defendant for the work performed by the plaintiff under said contract and for such other and further relief as to the court may seem just and equitable."

If the action be regarded as one to recover money only, the taking of an account to determine the amount of the recovery is expressly authorized by the Code, even if defendant should make default. It is also authorized by the Code upon a trial or upon a reference. Code Civ. Proc. §§ 1013, 1015; Smith v. Bodine, 74 N. Y. 30; Wisner v. Consolidated Fruit Jar Co., supra; McCullough v. Pence, 85 Hun, 271, 32 N. Y. Supp. 986.

I find no authority for sustaining a demurrer to a complaint in an action at law upon the ground that, while demanding a money judgment, the exact amount is not stated owing to the fact that it depends upon an accounting. McCullough and Wisner Cases, supra. In the case at bar the prayer for judgment is not confined exclusively to equitable relief. A judgment for money only is also demanded. The taking of an account is necessary to determine the amount due. I see no insuperable objection to plaintiff's maintaining such an action in a court of law. The views here indicated are largely suggested by the dissenting opinion of Laughlin, J., in the much discussed case of Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095. The complaint in that case contained no express prayer for legal relief. If it had, I infer that the conclusions of Laughlin, J., would have been controlling.

[4, 5] But the complaint is fatally defective in another respect. Plaintiff alleges merely that "plaintiff entered into a contract with the defendant whereby said defendant was to perform certain work"; "that plaintiff has performed a large amount of work in accordance with the terms thereof"; that he is "entitled" to certain moneys "due" thereon; and that there are certain offsets to the sums of money earned by plaintiff, the amounts of which he cannot ascertain. An allegation of indebtedness is not an allegation of a fact, but of a conclusion of law, which is not admitted by a demurrer. Tate v. American Woolen Co., 114 App. Div. 106, 99 N. Y. Supp. 678. The complaint should contain a statement of the facts from which the conclusion is to be drawn that the defendant is indebted to the plaintiff. He should state the terms of the contract and the amount of work done thereunder. Plaintiff fails to state the facts constituting his cause of action. Code Civ. Proc. § 481, subd. 2; Sampson v. Grand Rapids School Co., 55 App. Div. 163, 66 N. Y. Supp. 815. On this ground I think that the demurrer is well taken.

Demurrer sustained, with costs, with usual leave to amend on payment of costs.

Decision accordingly.