HENDERSON v. JACKSON AMUSEMENT CO. et al.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

MECHANICS' LIENS (§ 304*)—FORECLOSURE—COMPLAINT—SUFFICIENCY.

A complaint which does not state a cause of action to enforce a lien because the notice of lien was ineffectual, but which states facts sufficient to sustain a common-law action for the debt, alleged to be due, sustains a personal judgment for the debt as against a demurrer, though a demurrer attacking the complaint so far as it seeks the enforcement of the lien is properly sustained.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 632–635; Dec. Dig. § 304.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by William Henderson against the Jackson Amusement Company, and another. From an interlocutory judgment sustaining demurrers to the complaint, plaintiff appeals. Affirmed in part and reversed in part with leave to answer.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Henry C. Henderson, of New York City, for appellant.

Leopold Spitz, of New York City (Edgar Bromberger, of New York City, on the brief), for respondents.

PER CURIAM. The notice of lien was clearly defective and ineffectual; therefore, the complaint fails so far as any ground for equitable relief is concerned, and there is no cause of action alleged against Bowitz. But, as to Jackson Amusement Company, the allegations were sufficient to sustain a common-law action for the debt alleged to be owing by it to plaintiff. Abbott v. Easton, 195 N. Y. 372, 88 N. E. 572; Doyle v. Delaney, 112 App. Div. 856, 98 N. Y. Supp. 468.

As to the defendant Bowitz, the judgment is affirmed with costs. As to Jackson Amusement Company, the judgment is reversed, with costs, and the demurrer overruled, with costs, with leave to said defendant to answer within 20 days on payment of costs in this court and in the court below.