SAM EHRLICH, Respondent, *v.* JACK MILLS, INC., Appellant.

First Department, January 15, 1926.

**Account — equity — action under alleged contract for accounting of amount due plaintiff as royalties and for share of license fees — complaint alleges that defendant agreed to pay plaintiff one cent on each copy of song sold by defendant and sixteen and two-thirds per cent of amount received for licenses — relation of plaintiff and defendant is that of debtor and creditor — plaintiff cannot sue in equity for accounting — no cause of action at law stated.**

An action cannot be maintained in equity for an accounting under a contract whereby the defendant purchased from the plaintiff all rights in a certain song, and agreed to pay the plaintiff one cent for each copy sold and sixteen and two-thirds per cent of all moneys received for mechanical reproductions of the song, for, under the terms of the contract, the plaintiff and the defendant stood in the relation of debtor and creditor and the plaintiff's only remedy is by an action at law.

No cause of action at law is stated in the complaint, since there is no allegation that the defendant sold any copies of the song or granted any licenses for its mechanical reproduction and no demand by the plaintiff for legal relief.

APPEAL by the defendant, Jack Mills, Inc., from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of January, 1925, upon the decision of the court rendered after a trial at the New York Special Term.

*Saul Gordon* [*Samuel Jesse Buzzell* with him on the brief], for the appellant.

*Abner Greenberg,* for the respondent.

DOWLING, J. The amended complaint herein sets forth that defendant is a domestic corporation and that plaintiff is the author or writer of the words or lyric of a certain musical composition entitled " Farewell Blues." It is then alleged:

" *Third.* That on or about the first day of April, 1923, plaintiff assigned to defendant, his right, title and interest to the right to copyright and print and publish the said words or lyrics, and

defendant, in consideration therefor, promised and agreed to pay plaintiff a royalty of one ($.01) cent for each copy sold of the said composition and sixteen and two-thirds ($16\frac{2}{3}\%$) per cent of any and all monies received by said defendant, for licenses granted to mechanically reproduce the same, and defendant further agreed to render a statement and pay said royalties semiannually on the first days of August and February of each year.

" *Fourth.* That although plaintiff has heretofore requested defendant to account for the monies so received by it and to render a statement to plaintiff for the sum due him as royalty, as per agreement aforementioned, said defendant has neglected and refused so to do or to render any statement or account whatsoever."

The judgment demanded is:

" *1st.* That defendant be directed to account for all the monies received by it for the sale of copies and for licenses given to reproduce the said composition on the parts of the mechanical instruments.

" *2nd.* That upon the completion of said accounting, it shall be decreed to pay over to the plaintiff such sum as shall be ascertained to be due from said defendant.

" *3rd.* That plaintiff have his costs and disbursements of this action."

The amended answer admits, by its failure to deny, that plaintiff is the author of the words or lyric in question.  It denies the agreement pleaded in the complaint.  It admits that plaintiff had requested it to account for moneys received, and that defendant refused so to do.  By way of a first defense it is alleged:

" *Fourth.* That heretofore, and on or about the 14th day of April, 1923, the plaintiff, at the special instance and request of the defendant, wrote and composed, subject to the approval of the defendant, a set of words or lyrics for one of its musical compositions entitled ' Farewell Blues,' for which the defendant agreed to pay the sum of Twenty-five ($25) Dollars, in full payment thereof, and the plaintiff agreed to accept such amount when the words or lyrics for the said composition were approved by the defendant.

" *Fifth.* That thereafter, and on or about the said date, the plaintiff submitted a set of words or lyrics for the composition herein referred to, the defendant accepted the same, and, pursuant to the agreement, paid to the plaintiff the sum of Twenty-five Dollars, which the plaintiff then and there accepted in full payment of his work."

For a second further and separate defense it is alleged that the alleged assignment, promises and agreement set forth in the amended

complaint were oral; that they could not be performed within the period of one year from the alleged making thereof; and that, by virtue thereof, recovery thereon was barred by the Statute of Frauds.

At the opening of the case in the court below the defendant moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. This motion was denied by the trial court, and defendant duly excepted. The plaintiff thereupon offered testimony to support the allegations of his amended complaint. At the close of the plaintiff's case defendant renewed its motion to dismiss the complaint, as follows: " Mr. Buzzell: I now move to dismiss the complaint of the plaintiff on the ground that it appears that he has not established facts sufficient to constitute a cause of action, in that he has failed to establish the allegations of his complaint, and in that there is a vital variance between the pleadings and the proof, and in that he has failed to make out any case whatsoever against the defendant; and also upon the ground that once this complaint was framed in equity it is insufficient, even though facts may be pleaded that set up an action at law." The court reserved decision on the motion.

The defendant offered some evidence which on its consent was stricken out, and it rested on plaintiff's case. Again the motion was renewed. The learned trial justice again reserved decision upon the motion for a dismissal, stating that, if the motion was denied, an exception would be granted to the defendant. Subsequently the court denied the various motions to dismiss, and awarded an interlocutory judgment in favor of the plaintiff, directing the defendant to account in respect to the royalties it had received. Exceptions to the findings were duly filed, and the present appeal is from such judgment.

Because of the form of defendant's motions, it cannot now claim that the cause was not one properly triable in equity, and should have been tried as an action at law. The sole question presented on this appeal is whether the complaint sets forth a good cause of action either at law or in equity, and if it does the judgment will have to be affirmed. But in my opinion it does not state facts sufficient to constitute a cause of action triable in either forum.

Taking the action as one in equity, as did the learned court at Special Term, I am of opinion that no cause of action was set forth. The relation created and existing between plaintiff and defendant as the result of the agreement alleged in the complaint, was one of debtor and creditor. Under it, accepting plaintiff's version, all his right, title and interest in his song vested, necessarily, in the

defendant, so that copies of the song, when thereafter sold, together with the right to grant licenses, were the property of the defendant and not of the plaintiff; and any money which became payable to the plaintiff was merely the price of his sale of his musical composition. Dean Langdell, in his "Survey of Equity Jurisdiction" (2d ed. p. 93), says: "When a book is published and sold by the publisher on his own account, under an agreement by him with the author to pay the latter either a fixed sum for every copy sold, or a fixed percentage of the gross proceeds of sales, the publisher is not accountable to the author, for the books sold (and hence their proceeds) are the property of the publisher — not of the author; and the money payable to the latter is merely the price of his copyright in the books sold. The relation, therefore, between the publisher and the author in such a case is merely that of debtor and creditor. The same is true also of a manufacturer who works a patent, under an agreement with the patentee to pay him a royalty on all the patented articles manufactured and sold."

The courts have repeatedly declined to extend equitable relief in the form of an accounting for royalties received. In *Henderson* v. *Dougherty* (95 App. Div. 346) it was said: "By the contract the plaintiffs granted to the defendant a license to manufacture under these patents and for which the defendant agreed to pay the plaintiffs a royalty. An action to recover that royalty under the contract was an action at law which the defendant was entitled to have tried before a jury. A party to a contract which requires the payment of a sum of money has no right to apply to a court of equity to declare the contract rescinded because one party to it has refused to pay the amount required by the contract. The only cause of action alleged in this complaint was a cause of action at law to recover these royalties, and while it may be that the plaintiffs would have been entitled to rescind the contract upon a failure of the defendant to comply with the obligation to pay the royalties, upon their election to so rescind, the contract would have been at an end without the judgment of a court of equity. If the defendant continued to manufacture after his right had terminated the plaintiffs would have applied to the courts of the United States to restrain him from manufacturing in violation of the patents; but that was a cause of action over which this court had no jurisdiction. This contract did not create a partnership or joint adventure, nor did a relation between the plaintiffs and the defendant exist which justified an application to require the defendant to account in equity."

In *Moore* v. *Coyne* (113 App. Div. 52) the complaint alleged

that the plaintiffs, being the owners of certain letters patent, made a contract with the defendant, authorizing it to manufacture the patented article upon payment of a royalty; and that the firm " gave the benefit of the contract " to a corporation, which thereafter manufactured the article, but refused to pay royalties. The complaint was framed in equity for an accounting, and in reversing the interlocutory judgment overruling a demurrer to the complaint, Mr. Justice MCLAUGHLIN said: " The complaint is also bad for another reason. It appears upon the face of it that the plaintiffs have an adequate remedy at law. The contract simply provides for the payment of royalties upon a patented article if manufactured or sold, and if the same have. been manufactured or sold under the contract, then this gives the plaintiffs the right, not to an accounting, but to the royalties stipulated to be paid, for which an action at law may be maintained. And while it might be necessary, in order to ascertain just what royalties were due, to take an account, this alone would not give a court of equity jurisdiction. There must be something in addition. There must exist some trust or fiduciary relation between the parties to justify a court of equity in exercising its powers by decreeing an accounting. The only relief that could here be awarded would be a money judgment, clearly an action at law, and nothing else."

I reach the conclusion, therefore, that the complaint sets forth no cause of action in equity.

The next question, therefore, is that suggested in the opinion of Mr. Justice CLARKE, now presiding justice, in *Harle* v. *Brennig* (131 App. Div. 742): " The complaint not being good in equity, are there sufficient allegations of fact to sustain it at law as for a breach of contract? " According to the allegations of the amended complaint, the defendant agreed to pay the plaintiff one cent for each copy of the song sold by it, and sixteen and two-thirds per cent of the moneys received by it from the mechanical reproduction of the song. But there is nothing in the complaint to show that the defendant ever sold any copies of the song, or that it ever granted a license to mechanically reproduce the same. Nor is there anything to show that defendant received any money from any source whatsoever for this composition, in which plaintiff was entitled to share. Upon the trial the plaintiff testified that he had heard this melody which he composed, played on records and mechanical instruments, but it was not shown that defendant ever authorized such reproduction or ever received any payment therefor. No effort was made to amend the complaint to allege payments received by defendant under the agreement or to prove them.

In *Jackson* v. *Strong* (222 N. Y. 149) the Court of Appeals said: " We have then a case wherein the complaint sets forth a cause of action in equity which, as the finding was, the plaintiff failed to prove on the trial, and the court without any amendment of the pleadings awarded the plaintiff damages as in an action at law. Was that proper? I think not. There is some confusion in the cases bearing upon this subject, but the weight of authority is that where some ground of equitable jurisdiction is alleged in a complaint but fails of proof in its entire scope on the trial, and it appears that there never was any substantial cause for equitable interference, the court will not retain the action and grant purely legal relief, but will dismiss the complaint."

And in *Poth* v. *Washington Square Methodist Episcopal Church* (207 App. Div. 219) Mr. Justice McAvoy said: " Nor could the court award damages here. The suit was wholly for equitable relief and none was found to be properly awardable. The return of the deposit money was not asked in the complaint * * *. The pleading of plaintiff did not request its return, and amending the plea to conform to damage proof in an equity suit where no damages are demanded is not proper practice."

This case in my opinion comes within the rule laid down in *Hawes* v. *Dobbs* (137 N. Y. 465), where the court said: " He did not make a case for any equitable relief, and, therefore, the trial judge committed no error in dismissing his complaint. This is not a case where the plaintiff is defeated because, while he had a perfect right of action for equitable relief, he had also a complete remedy at law. If his action had been of that nature, then within the cases of *Grandin* v. *LeRoy* (2 Paige, 509); *Hawley* v. *Cramer* (4 Cowen, 717); *Truscott* v. *King* (6 N. Y. 147); *Town of Mentz* v. *Cook* (108 id. 504); and *Ostrander* v. *Weber* (114 id. 95), he would have been entitled to maintain his action for equitable relief because the defendants had not set up in their answer as a defense that he had a remedy at law. Here the plaintiff is defeated, not because he had a remedy at law, but because upon the facts alleged there was no ground whatever for equitable relief.

" It cannot now be said that the plaintiff ought to have been awarded legal relief by way of damages, because in his complaint he prayed only for equitable relief, he brought his action to trial as an equitable action and upon the trial demanded only equitable relief. He did not demand or ask for legal relief. Under such circumstances he cannot now complain that the action was not retained so as to award any legal relief to which he might be entitled for a breach of the agreement alleged in the complaint."

It follows that, the complaint herein setting forth a cause of

action neither in equity nor at law, the judgment appealed from should be reversed, with costs to appellant, and the complaint should be dismissed, with costs.

CLARKE, P. J., MERRELL, McAVOY and BURR, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.