276 SPRING STREET CORPORATION, Respondent, *v.* RAYMOND G. FORBES and Another, Appellants.

First Department, June 18, 1929.

*Arthur J. Stern*, for the appellants.

*Joseph H. Muller* of counsel [*Henry Muller* with him on the brief; *Muller & Muller*, attorneys], for the respondent.

FINCH, J. All the defenses were struck out at Special Term. The action was for specific performance of a contract to purchase real estate, which the plaintiff had occupied for many years as lessee, coupled with two alternative prayers for relief: (1) If the title was defective, to compel specific performance in so far as defendants had title, with abatement for defects; and (2) if the court should refuse specific performance entirely, that the plaintiff recover $30,000 as damages. The complaint also alleges the payment on the execution of the contract of the sum of $1,500 as part of the purchase price, and sets up two items of special damage: (1) That the plaintiff will be obliged to vacate the said premises on the expiration of its present lease, to wit, April 30, 1929, and will be obliged to incur great expense in connection with said removal, all to the knowledge of said defendants; (2) that the plaintiff corporation was organized expressly for the purpose of acquiring and holding title to the premises, and the plaintiff had incurred large expense in connection with the organization thereof, likewise to the knowledge of the defendants.

The answer, in addition to denials, set forth seven separate and distinct defenses, as follows:

For a first defense, that prior to the making of the contract sued on, defendants had sold another piece of property, the title to which was derived from the same source as the property involved in this action, and that title to this other piece of property so sold by the defendants had been approved and insured by the Title Guarantee and Trust Company, and defendants, therefore, in good faith, offered to give such title as the said title company would approve and insure.

For a second defense, that defendants are informed and believe that all of the exceptions referred to in the complaint have been

waived, except the one with respect to the death of Allen Forbes (which was that, if still living, he owned an undivided one-half interest in the premises), and that as to that the title company had accepted as satisfactory evidence of his death in a former closing of a title derived by the defendants from the same source as the title involved in this case, affidavits of defendants that said Forbes was dead and left no issue.

For a third defense, that at the time the contract of purchase was entered into, both parties to said contract believed that the title of defendants was such as the title company would insure.

For a fourth defense, that defendants had used every reasonable effort and exhausted all known means of obtaining proof to obviate the objections of the title company, but that the latter had refused to act favorably on such proof.

For a fifth defense, that prior to and since the beginning of this action the said defendants had tendered to the plaintiff and still tender to the plaintiff the sum of $1,500 paid on account of this contract, in addition to the title company charges for the examination of the title, and have offered to release the plaintiff from said contract upon the making of such payment, but that said plaintiff has refused to accept this payment and to release the defendants therefrom.

For a sixth defense, that at all times the defendants have offered to give to the plaintiff a new lease of the premises involved in this action upon a rent to be agreed upon between them, but the plaintiff has refused and neglected to accept any lease whatsoever of said premises, and has demanded damages only from the defendants.

For a seventh defense, that the plaintiff has an adequate remedy at law.

The first four defenses are thoughtlessly drawn, as they comprise but one defense, namely, that of contracting to sell and convey in good faith, which has been repeated four times in connection with different evidentiary matter, all relating to this defense. This defense is based upon the established principle that where a breach of contract to sell real property concerns a warranty of title and the vendor contracts to sell in good faith, believing that he has a good title, and afterwards discovers that his title is defective and for that reason refuses to fulfill his contract, he is liable only for nominal damages in addition to the return of the deposit with the reasonable costs of the examination of title. (*Pumpelly* v. *Phelps*, 40 N. Y. 59, 66; *Conger* v. *Weever*, 20 id. 140, 143.) This defense, however, in any event is only good as a partial defense to the prayer for damages, and must be so pleaded. (Civ. Prac. Act, § 262.)

The fifth defense is, as noted, that the defendants have tendered

and kept good an offer to return to plaintiff the deposit, together with the reasonable cost of examination of title, but that plaintiff has refused to accept. The plaintiff urges that this defense is defective in failing to include in the render a counsel fee, but it would seem that by this defense defendants seek to allege in substance a valid tender. Whether there should be included within the same a reasonable counsel fee would depend upon proof at the trial that there had in fact been such an expenditure, which was reasonable in amount and necessary.

The sixth defense is in answer to one of the claims of the plaintiff to recover for an item of special damage, namely, damages attendant upon having to move from these premises, where plaintiff as lessee has done business for many years. It is true that this defense, as drawn, only alleges that defendants offered to lease the premises upon terms to be agreed upon. But in the absence of any claim by the plaintiff that no reasonable terms could be agreed upon, the allegations are sufficient, but obviously only if pleaded as a partial defense.

The seventh defense, that plaintiff has an adequate remedy at law, is good as a complete defense, if sustained by the proof. In the case of *Ehrlich* v. *Mills, Inc.* (215 App. Div. 116), Mr. Justice DOWLING (now presiding justice), speaking for the court, said: " If his action had been of that nature, then within the cases of *Grandin* v. *LeRoy* (2 Paige, 509); *Hawley* v. *Cramer* (4 Cowen, 717); *Truscott* v. *King* (6 N. Y. 147); *Town of Mentz* v. *Cook* (108 id. 504), and *Ostrander* v. *Weber* (114 id. 95), he would have been entitled to maintain his action for equitable relief because the defendants had not set up in their answer as a defense that he had a remedy at law."

Whether there can be specific performance in the case at bar or specific performance with abatement or substantial damages, are all questions which must be reserved for the trial and cannot be determined on the pleadings. The parties, however, must not be deprived of the right to have pleaded such defenses as will meet the case of the plaintiff upon whatever relief it may finally seek to rely.

It, therefore, follows that the order appealed from should be modified by denying the motion to strike out the fifth and seventh defenses, with leave to the defendants to serve an amended answer wherein the defendants may properly plead their partial defenses and clear up any ambiguity with respect to the defense of tender. The plaintiff is a mere assignee of the original vendee, but for convenience the plaintiff has been treated as the vendee, since it has succeeded to the rights of the latter.

The order should be modified by denying the motion to strike

out the fifth and seventh defenses, and as so modified affirmed, without costs of appeal, but with leave to defendants to serve an amended answer upon payment of costs to date.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Order modified by denying motion to strike out as to the fifth and seventh defenses, and as so modified affirmed, without costs, with leave to the defendants to serve an amended answer within twenty days from service of order upon payment of costs to date.